SEDGWICK ET AL., TRUSTEES, APPELLANTS, *v.* SEDGWICK ET AL., APPELLEES.

(No. 789—Decided November 4, 1944.)

*Messrs. Heinlein, James & Jones* and *Mr. K. G. Cooper,* for appellants.
*Mr. Gordon D. Kinder,* for appellees.

Ross, P. J. This is an appeal on questions of law and fact from a decree of the Court of Common Pleas of Belmont county, construing certain trust provisions in the will of Ira B. Sedgwick.

The appeal was filed by the trustees who are the only appellants, all other parties including all beneficiaries of the trust being satisfied with the decree of the trial court.

An action to construe the trust provisions of a will is a chancery case. *Gearhart* v. *Richardson,* 109 Ohio St., 418, 142 N. E., 890.

Trustees of such trust may file an appeal on questions of law and fact in this court from a decree of the Court of Common Pleas, construing trust provisions in a will, although all other parties including beneficiaries are satisfied with such decree, and such trustees are the only appellants; it being unnecessary in an appeal on questions of law and fact for this court to first determine that error prejudicial to appellants has intervened in the decree of the trial court, as is the case in appeals on questions of law only. *First National Bank of Cincinnati, Exr.,* v. *Rawson,* 54 Ohio App.,

285, 7 N. E. (2d), 6; *In re Estate of Hoffman,* 68 Ohio App., 47, 37 N. E. (2d), 646; Section 11364, General Code.

In an appeal to this court on questions of law and fact, the case comes to this court upon the filing of the notice of appeal and the pleadings, and this court is not concerned with what decree was entered in the trial court, the same being suspended pending final action in this court. The case is tried *de novo.* Questions might later arise as to the propriety of the appeal, upon questions of costs and compensation, if the appeal were frivolous in view of the decisive character of the construction of the will given by the trial court, or that the appeal was not in the interest of the trust. Under Section 11364, General Code, in an appeal on questions of law only, this court is required, first, to determine whether substantial justice has been given the appellants or, in other words, whether error, prejudicial to such appellants, has intervened in the judgment of the trial court. If substantial justice has been given appellants, the judgment must be affirmed.

No such inquiry in an appeal on questions of law and fact is required, for the reason that the judgment of the trial court, and the trial, resulting in such judgment, are not the subject of inquiry in an appeal on questions of law and fact.

Ira B. Sedgwick died testate on July 20, 1920. Item III of his will provided:

"Item III. I give, bequeath and devise to my brothers, A. L. Sedgwick and C. C. Sedgwick, in trust, the total number of shares of the capital stock of The Sedgwick Printing Company, a corporation, which I may own or have the right to dispose of at my demise; also all my right, title and interest in and to lot No. 55, at the corner of South Fourth and Hickory streets,

438

in the city of Martins Ferry, Belmont county, Ohio, and being the real estate used and occupied in part by said company; to be held, used and employed by my said trustees upon the trust and for the following purposes, to wit:

"1. I give, bequeath and devise to my said wife, Emily R. Sedgwick, if living, and after her death equally to my children then living, the entire net income or proceeds from said stock and real estate.

"2. I direct that my said trustees shall pay to my said wife or to my children, as above provided, during the continuance of said trust, not less than seventy-five dollars ($75) per month, on the first day of each calendar month, as a part of said income or proceeds, and I hereby make the payment of said sums a charge upon my right, title and interest in said real estate.

"3. If, after the death of my said wife and at the time my youngest child then living shall arrive at lawful age, any of said stock or real estate remain in the possession of my said trustees, I direct my said trustees to transfer and convey the same to my said children in equal shares.

"4. I hereby empower and authorize my said trustees fully and completely to sell, convey, transfer, assign, mortgage, lease, rent, pledge, hypothecate, invest and reinvest the whole or any part of said stock or real estate, in such manner and form, upon such terms and conditions, and at such times, as to my said trustees may seem advisable, including the right to terminate this trust at any time by the exercise of the said powers and authority."

The trustees, in their petition for construction of the will and for instructions, say:

"Plaintiffs are in doubt as to what amount, if any, of premiums paid by them in the purchase of bonds

and what amount, if any, of brokers' fees, taxes and other charges paid by plaintiffs when purchasing bonds are chargeable to the corpus of said trust and what amount, if any, of said items is chargeable to the income arising from said trust, and whether and how the same should be amortized.

"Plaintiffs are in doubt as to whether the income fund found to be in their hands upon the settlement of their fourth partial account should be paid to said Emily R. Sedgwick, and, if so, when and how; or whether all or any thereof should be retained and kept · invested by plaintiffs during her lifetime."

Originally, the trust estate consisted of an undivided one-half interest in certain land and common stock of The Sedgwick Printing Company. Through various transactions, including the reorganization of the company, the sale of all its stock to purchasers and the conversion of the interest in real estate, first, into preferred stock, and then cash, the trustees were faced with the problem of reinvesting the trust estate which had ultimately been entirely resolved into cash.

In the fifth account filed by the trustees appears the following:

"Recapitulation—Principal Account.

| | |
|---|---|
| Balance, fourth account | $80,056.53 |
| Deductions, less additions, 11/15/42-12/1/42 | 2,254.87 |
| Balance, 12/1/42 | $ 77,801.66 |

"Recapitulation—Income Account.

| | |
|---|---|
| Balance, fourth account | $ 24,474.11 |
| Receipts, less disbursements | 1,029.15 |
| Balance, 12/1/42 | $ 25,503.26 |

"Income Account—Investments, at cost.

| | |
|---|---|
| 4/25/35—1M U. S. Treas. 2-7/8s of 55-60 | $ 1,001.87 |
| 5/1/36—1½ Fed. Land Bank 3s of 46-56 | 1,492.50 |
| 7/24/37—10M U. S. Savings Bonds, 1937 Series C | 7,500.00 |
| 4/1/39—5M U. S. Savings Bonds, 1939 Series D | 3,750.00 |
| 12/30/39—5M U. S. Savings Bonds, 1939 Series D | 3,750.00 |
| 1/10/40—10M U. S. Savings Bonds, 1940 Series D | 7,500.00 |

"$ 24,994.37"

An examination of the list of assets in the principal account shows that such assets consist of cash, stocks, and bonds. The accumulated income appears to have been almost entirely converted into bonds.

The first question propounded deals with the right of trustees to charge income with necessary lawful expense incident to the conversion and reconversion of trust assets into stocks and bonds. Such expenses are mentioned as including premiums on bonds, brokers' fees, taxes and other charges.

The weight of authority is to the effect that such expenses are a just charge against income of the trust.

The better authority, also, is to the effect that such expenses should be amortized during the life of the security. 40 Ohio Jurisprudence, 413, Section 160, citing *New England Trust Co.* v. *Eaton,* 140 Mass., 532, 4 N. E., 69, 54 Am. Rep., 493; *In re Stevens,* 187 N. Y., 471, 80 N. E., 358, 12 L. R. A. (N. S.), 814, 10 Ann. Cas., 511. See, also, *Kemp* v. *Macready,* 150 N. Y. Supp., 618.

The syllabus in *In re Stevens, supra,* is as follows:

"Where trust funds are invested by a testamentary trustee in bonds having a term of years to run and

purchased at a premium, in the absence of a clear direction in the will to the contrary, such a proportionate deduction should be made from the nominal interest as will, at the maturity of the bonds, make good the premiums paid and thus preserve the principal of the fund intact; a surrogate's decree, therefore, in a proceeding settling the trustee's accounts awarding to a life tenant as income the whole amount of the interest coupons is erroneous.''

The next question propounded deals with the time when the income of the trust estate should be paid the beneficiaries. The terms of the trust instrument, the will, leave no doubt upon this question. The language is specific and unambiguous. It is provided, first, in paragraph one of item III, that the widow during her life is to receive the entire net income of the trust property. Obviously, this means she is to receive such net income as promptly as reasonable diligence in the administration of the trust will permit. Where the terms of a trust, therefore, provide that the beneficiaries are to receive ''the entire net income'' of a trust estate, no discretion is reposed in the trustees of such trust, to withhold from such beneficiaries any portion of such income except that required to defray necessary expense incident to the administration of the trust, including expenses incident to the acquisition or conversion of trust property and the payment of premiums on bonds, fees, taxes, and other charges arising from the purchase or conversion of such trust assets. 1 Restatement of Trusts, 467, Section 182; *Davidson* v. *Miners and Mechanics Savings & Trust Co., Exr.,* 129 Ohio St., 418, 429, 195 N. E., 845, 98 A. L. R., 1318.

The answer to the second question is, therefore, that the life beneficiary, Emily R. Sedgwick, was entitled to the net income of the trust as it was earned,

and that such payments should have been made at such times as reasonable diligence in the administration of the trust permitted. It will be noted that she was entitled only to the net income. The trustees were authorized to deduct amounts amortizing the expense incident to the acquisition of assets in the corpus of the estate. Such amounts should have been deducted, and the trustees are now permitted to deduct from payment of net income now due, an amount necessary to amortize incident expense in the acquisition of securities in the corpus of the trust estate, at this time. For instance, if such a security has run five years and has five more years before maturity, the trustees should have in the past five years deducted a proportional sum for amortization each year and incorporated such sum in the principal account. They, therefore, should at this time, out of accumulated income, take such five years' amortization and put the same in the principal account. Of course, the income of the trust is also chargeable with all necessary expense, including taxes, fees, etc., incident to the management and administration of the trust.

Some question is raised by the trustees as to the effect of the provision in paragraph two of item III of the will, providing for a minimum payment per month, and making such payment a charge upon the real estate now converted into securities.

Where, by the terms of the trust, the entire net income is directed to be paid to the beneficiaries, the duty to promptly pay all such net income to such beneficiaries is not in any respect abrogated or affected by a subsequent provision in the terms of the trust, requiring a minimum payment to such beneficiaries upon the first day of each calendar month, coupled with a provision to impair the corpus, to provide such

minimum payment per month. The testator must be taken to have anticipated the present contingency and if after payment of the net income, the trustees find it necessary to impair the corpus in order to continue monthly minimum payments, then instructions in this respect are clear and unambiguous.

A judgment of the Probate Court, in a proceeding involving exceptions to an account of trustees, has been affirmed by this court in an opinion handed down with this opinion. The appropriate portion of such judgment so affirmed is as follows:

"It is further considered that the said Alvin L. Sedgwick and Chester C. Sedgwick be and they hereby are ordered to deliver to the exceptor Emily H. Sedgwick all securities and monies set out in their fifth account under the designation "income account" and there shown to be of the value of twenty-five thousand, five hundred and three dollars and twenty-six cents ($25,503.26), less such premiums, fees, taxes and other charges as were occasioned by and arose from the purchase of *such* bonds by them as trustees as are set out in said income account." (Italics ours.)

As pointed out in that opinion, the charge for premiums and expenses incident to the purchase of bonds placed in the income account was improper. If net income had been paid as earned, it would have been unnecessary, except to a slight extent only, to impound the income from the trust. The judgment of the Probate Court upon exceptions to the account having been affirmed, the question of the propriety of that order now becomes a moot question in this appeal on questions of law and fact.

The construction placed upon item III of the will, although ineffective to disturb the judgment rendered upon the exceptions filed to the fifth account, which

we have stated should be affirmed, will guide the trustees in future administration of the trust.

*Decree accordingly.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabus, opinion and judgment.

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., of the First Appellate District, sitting by designation in the Seventh Appellate District.