OLD COLONY TRUST COMPANY, executor, *vs.* THE BOARD OF GOVERNORS OF THE BELLEVILLE GENERAL HOSPITAL & others.

Middlesex.    March 7, 1969. — May 5, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Trust*, Charitable trust. *Devise and Legacy*, Charitable gift, Identity of beneficiary. *Charity*. *Equity Jurisdiction*, Instructions.

A petition for instructions by the executor under a will was an appropriate proceeding for determination of questions raised by the disallowance by the Internal Revenue Service of the testatrix's bequest to a hospital as a charitable deduction for Federal estate tax purposes, by payment of the deficiency tax assessed, and by the pendency of a suit against the United States to recover the deficiency. [779]

An express intent on the part of a testatrix domiciled in Massachusetts to make a charitable bequest in trust for general hospital purposes in the city of her birth, Belleville, Ontario, was manifested by her will, which included in a clause giving bequests to many designated charities at the death of an annuitant a bequest to the "Belleville General Hospital," an incorporated hospital which had served the residents of that city for many years and was the direct successor of an unincorporated association serving the indigent; and where it appeared that, although Ontario legislation had transferred custody of the assets and the management and operation of the hospital to a new corporation under a board of governors appointed partly by the city, the new corporation did not constitute an arm of and was not indistinguishable from the city but operated as a distinct entity and for charitable purposes, serving indigent persons, it was held that upon the death

355 Mass. 776                                                     777

Old Colony Trust Co. *v.* Board of Governors of the Belleville Gen. Hosp.

of the annuitant the hospital bequest must be used cy pres solely in accordance with such intent of the testatrix, with control thereof retained in Massachusetts. [779–780]

PETITION for instructions filed in the Probate Court for the county of Middlesex on July 2, 1968, by the executor under a will executed on May 19, 1953, by Charlotte E. Sills, who died on January 26, 1961.

The case was reported by *Hays*, J.

*Richard D. Leggat* stated the case.

*William N. Swift* (*John H. Clymer* with him) for Old Colony Trust Company, trustee, & others.

*John H. King* for the City of Belleville & another.

*James J. Kelleher*, Assistant Attorney General, for the Attorney General.

*Blair L. Perry* (*A. Frederick Richard* with him) for The Board of Governors of the Belleville General Hospital.

WILKINS, C.J. This petition for instructions is brought by the executor under the will of Charlotte E. Sills, late of Newton, against Old Colony Trust Company, as trustee under the said will; Board of Governors of The Belleville General Hospital, Belleville, Ontario, Canada, a corporation organized under the laws of the Province of Ontario; City of Belleville, a municipal corporation of the said Province; County of Hastings, a governmental body of the said Province; the Attorney General of this Commonwealth; and all other persons interested in the residue of the said will. G. L. c. 231A.

The petition states that the will, after making provisions for annuities, directs that upon the death of the last annuitant, the fund is to be paid in specified fractions to designated charities, including "Two-fifteenths thereof each to the Belleville General Hospital, Belleville, Ontario, and Newton-Wellesley Hospital, Newton, Massachusetts, and one-fifteenth thereof each to . . . Belleville General Hospital, Belleville, Ontario, the same to be used towards construction and maintenance of a convalescent home." The petition further alleges that the United States Internal Revenue Service has refused to allow a deduction under

§ 2055 of the Internal Revenue Code of 1954 for the two-fifteenths remainder[1] interest of The Belleville General Hospital (the hospital) on the grounds that the gift was made without restriction and that the hospital constituted an arm of and was indistinguishable from the city. This disallowance led to the payment of a deficiency of $831,608.31 in the Federal estate tax, and an action to recover the deficiency is now pending in the United States District Court for the District of Massachusetts. The burden of the deficiency would be borne by the other charitable remaindermen on a proportionate basis. The petition also alleges that the correctness of this action and the question as to who is entitled to notice of proceedings for the allowance of accounts both depend upon the decedent's intent as expressed in her will; and that the petitioner is in doubt as to the proper construction of the will.

The petition prays for instructions as to the appropriate distributee of the proportionate share in the remainder of the residuary trust bequeathed to the hospital; whether that share is to be deemed to be impressed with a trust limiting the purposes to which it can be applied; as to the trustee's duties with respect to a presently pending action to recover an assessed deficiency in the Federal estate tax heretofore paid by the petitioner; and as to the persons to whom notice should be given with respect to the interest bequeathed to the hospital in proceedings for allowance of the accounts of the petitioner.

The case is reported without decision upon the pleadings and the statement of agreed facts. G. L. c. 215, § 13.

The testatrix was born in Belleville, and became an American citizen by naturalization in 1914. At the time of the execution of the will she was aware of an entity known as The Belleville General Hospital, which had served the residents of the city for many years. Prior to 1948 it was operated by The Women's Christian Association of Belleville which presently appoints two of the Gov-

---

[1] A deduction was permitted of the value of the one-fifteenth share to be used toward the construction and maintenance of a convalescent home.

355 Mass. 776                                                                        779

Old Colony Trust Co. *v.* Board of Governors of the Belleville Gen. Hosp.

ernors of the hospital. "The City of Belleville Act, 1948" affirmed the purchase of the assets of the hospital by the city, vested all such assets in the city, and created a corporation for the management and control of the hospital acting by a Board of Governors of fifteen,[1] who were authorized to receive gifts. "The Belleville General Hospital Act, 1962–63" repealed the 1948 act, and provided that the hospital be managed and operated by a corporation under the name of "The Board of Governors of of the Belleville General Hospital." The number of Governors is sixteen.[2] The board was given custody of all hospital property and all such property was "vested" in the City of Belleville and County of Hastings in the proportion of sixty-five per cent city and thirty-five per cent county. Thereafter the corporation has at all times been operated as an entity distinct from any city, county, or other government or political body in the Province. It has its own staff of administrators and employees, none of whom is treated as a city or county employee for any purpose. It maintains its own bank accounts and records. It has sued and has been sued in its corporate name, and pays betterment assessments to the city. It is operated for charitable purposes, serving indigent persons regardless of ability to pay. No earnings accrue to the benefit of any private person.

This petition is appropriate to raise the questions of Federal estate taxation. *Watson* v. *Goldthwaite,* 345 Mass. 29, 31, 35. *Old Colony Trust Co.* v. *Silliman,* 352 Mass. 6, 8.

The will manifests an express intent to make a charitable bequest in trust for general hospital purposes in Belleville. The named beneficiary when the will was executed was The

---

[1] Other Governors were appointed: one by the Lieutenant Governor in Council, one in accordance with the regulations under The Public Hospitals Act, one by the council of the County of Hastings, and eight by the council of the city from ratepayers of the city. The Warden of the County and the Mayor of the city were Governors ex officiis.

[2] These are appointed: one by the Lieutenant Governor in Council, five by the council of the city, three by the council of the county, two by The Women's Christian Association, one by the Women's Hospital Auxiliary of the city. Two are members of the medical staff of the hospital, one is the head of the council of the city, and one is the Warden of the county.

Belleville General Hospital which, though incorporated by statute, was the direct successor of an unincorporated association, serving the indigent.   This statute was later repealed by a subsequent statute creating another corporation. As we presently view the matter, the hospital continues in substance to serve the same general purpose as the testatrix intended.   It would be an elementary assumption that she also intended this charitable bequest to be accorded the usual tax exemption of any gift to hospital purposes and not to be subject to diminution by taxation.   It is significant that the hospital was included in the same clause as the Newton-Wellesley Hospital and many other undoubted charities.   It is equally clear that the testatrix could not have had the purpose to confer a financial benefit on Ontario municipalities in the discharge of their governmental functions.   We do not accept the ruling of the Internal Revenue Service.   The intended legatee was not an arm of and indistinguishable from the city.   As the testatrix was domiciled here, the construction of her will is to be determined in accordance with the law of the Commonwealth.   *Johnson* v. *Johnson,* 215 Mass. 276, 285.   *New England Trust Co.* v. *Wood,* 326 Mass. 239, 242.   *American Inst. of Architects* v. *Attorney Gen.* 332 Mass. 619, 622.

This is eminently a case to apply the cy pres doctrine. *American Academy of Arts & Sciences* v. *Harvard College,* 12 Gray, 582, 596.   *Hubbard* v. *Worcester Art Museum,* 194 Mass. 280, 290.   *Rogers* v. *Attorney Gen.* 347 Mass. 126, 131. In so doing we shall act in our firm belief that the testatrix is entitled to have the carrying out of her charitable purpose a certainty and not a probability.   Accordingly, we hold that the bequest must be impressed with a trust obligating that the funds can be expended for charitable hospital purposes only.   We are of opinion that control should be retained in this Commonwealth.   It is obvious that Canadian law is subject to still further legislative changes whose effect on the bequests should always be open to evaluation here so as to guarantee their devotion to the intended charitable purposes.

The case is to be remanded to the Probate Court, which upon the death of the last annuitant is charged with the responsibility of insuring that the two-fifteenths share of the residue given to The Belleville General Hospital shall be given over to "The Board of Governors of the Belleville General Hospital" if that corporation is then operating the hospital, or to a trustee to be appointed by the Probate Court, or in any other manner as the court then deems proper, but in any event only after the court is completely satisfied that the share will be used solely for charitable hospital purposes in the Belleville area.

The petitioner is instructed that the gift is for general charitable hospital purposes in the Belleville area, and that it is in no sense a gift to the City of Belleville or the County of Hastings; that the bequest is impressed with a trust as hereinbefore decided; that notices of proceedings for the allowance of accounts are to be given to the Attorney General of the Commonwealth and to the persons or corporation to whom by decree of the Probate Court it shall be ordered that any part of the amounts on account of the said gift be paid; and that the petitioner is under the duty to prosecute to the utmost the proceeding for a refund of the deficiency collected for the Federal estate tax.

*So ordered.*