Submit judgment on notice for settlement and signature by the Court.

So ordered.

**OLD COLONY TRUST COMPANY, Executor of the Estate of Grace E. Smith, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 69-295.**

United States District Court, D. Massachusetts.

Oct. 5, 1970.

Albert Zahka, Boston, Mass., Don V. Harris, Jr., Washington, D. C., for plaintiff.

Herbert Travers, U. S. Atty., Joseph Lena, Asst. U. S. Atty., for defendant.

## OPINION

GARRITY, District Judge.

This is a tax refund suit for recovery of United States estate taxes assessed and collected from the plaintiff, Old Colony Trust Company, in its capacity as executor of the Estate of Grace E.

Smith. The court has jurisdiction by virtue of 28 U.S.C. § 1346(a) (1).

The facts are set forth in their entirety in a stipulation and exhibits filed by the parties. In summary, the decedent, Grace E. Smith, a Massachusetts domiciliary, died on May 23, 1964, leaving a last will and testament dated December 12, 1959. The will was admitted to probate by the Essex Probate Court at Salem, Massachusetts; the plaintiff, Old Colony, was named executor and trustee under the will; and letters testamentary were duly granted on July 30, 1964.

In paragraph 4 of the will, the decedent set up a trust with Old Colony as trustee. The corpus of this trust was composed of the residue of her estate and the property in a prior trust created by her husband over which the decedent had a power of appointment. The income beneficiaries named were the brother and sister of the decedent. Each was to receive one-half of the net income of the trust estate while living, and upon the death of either, the survivor would receive the entire net income. After the death of the survivor, the trustee would pay the entire principal of the trust estate to three named charitable organizations.

The fourth unnumbered paragraph of the will (not to be confused with paragraph 4 above) is crucial to the instant case. It reads as follows:

"I constitute and appoint the said Old Colony Trust Company as Trustee under this will, and I request that it shall not be required to furnish any surety or sureties on its official bond as Trustee. *My Trustee, in addition to and not in limitation of all common law and statutory authority, shall have power with regard to both real and personal property in the trust estate and any part thereof,* to mortgage, to lease with or without option to purchase, to sell in whole or in part at public or at private sale without approval of any court and without liability upon any person dealing with the Trustee to see to the application of any money or other property delivered to it; to exchange property for other property, to invest and reinvest in securities or properties although of a kind or in an amount which ordinarily would not be considered suitable for a trust investment, intending hereby to authorize the Trustee to act in such manner as it believes for the best interests of the trust estate, regarding it as a whole, even though particular investments might not otherwise be proper; to keep any or all securities or other property in the name of some other persons, firm or corporation or in its own name without disclosing its fiduciary capacity; to determine who are the distributees hereunder and the proportions in which they shall take; to make distribution or divisions of principal hereunder in property held in trust at values determined by it; *to determine what shall be charged or credited to income and what to principal notwithstanding any determination by the courts and specifically but without limitation, to make such determination in regard to stock and cash dividends, rights and all other receipts in respect of the ownership of stock and to purchase or retain stocks which pay dividends in whole or in part otherwise than in cash and in its discretion to treat such dividends in whole or in part as income,* and to pay, compromise or contest any claim or other matter directly or indirectly affecting this estate. All such divisions and decisions made by the Trustee in good faith shall be conclusive on all parties at interest. The Trustee shall receive reasonable compensation for its services hereunder." (Emphasis added.)

Old Colony timely filed the United States Estate Tax Return for the estate of Grace E. Smith with the District Director of Internal Revenue in Boston, Massachusetts. In accordance with section 2055 of the Internal Revenue Code

of 1954, 26 U.S.C. § 2055, which authorized a deduction from the gross estate for amounts to be distributed to charitable and certain other organizations,[1] Old Colony claimed a deduction in the amount of $920,042.73. This amount represented the value as of the decedent's death of the principal payable, upon the death of the survivor of decedent's brother and sister, to certain charitable organizations named in the will.[2]

On April 11, 1968 the District Director sent a statutory notice of deficiency pursuant to 26 U.S.C. § 6212 disallowing as a deduction the $920,042.73 [3] claimed under § 2055 on the ground that "the value of the remainder interest passing to charity is not ascertainable under the terms of the decedents [sic] will." On May 8, 1968 Old Colony remitted to the District Director a total of $369,154.47, the amount of deficiency asserted in the statutory notice and on August 14, 1968 filed a claim for refund of this amount plus certain other items.[4] The complaint in this proceeding was brought after more than six months had elapsed and the District Director had not acted upon the claim for refund.

■ This case involves the deductibility under 26 U.S.C. § 2055 of a charitable remainder created by a testamentary trust. The controlling regulation, 26 C. F.R. § 20.2055–2(a), recites that a "deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the noncharitable interest." [5] It is settled that where the life beneficiary has the standardless authority to invade the corpus, the value of the charitable remainder is rendered so uncertain as to prevent deduction from gross estate. Ithaca Trust Co. v. United States, 1929, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; Merchants Nat'l Bank of Boston v. Commissioner of Internal Revenue, 1943, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35.

The Government claims that the fourth unnumbered paragraph of the will, quoted above, gives the trustee authority to distribute corpus to the in-

1. SEC. 2055. TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.

(a) *In General.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amounts of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)—

\* \* \* \* \*

(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

2. There is no question that the organizations named as remaindermen qualify as charitable organizations under 26 U.S.C. § 2055.

3. The statutory notice asserted an increase in the taxable estate of $920,234.38. However, only the amount of $920,042.73, resulting from the disallowance of the deduction claimed under 26 U.S.C. § 2055, is in dispute.

4. The additional items were (1) the refund of the as yet unascertained amount of the tax paid with the return which results from allowance of claimed additional administrative expenses and (2) interest as provided by law.

5. 26 C.F.R. § 20.2055–2
*Transfers not exclusively for charitable purposes.*
(a) *Remainders and similar interests.* If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the noncharitable interest. \* \* \*

come beneficiaries and that such authority is not limited by a fixed standard so as to render the value of the remainder interest ascertainable. The two questions presented are: (1) whether the fourth unnumbered paragraph of the will gives the trustee the power to distribute corpus to the income beneficiaries and (2) if such authority is present, whether it is limited by a fixed standard so as to render the value of the charitable remainder ascertainable.

The first question involves an interpretation of the unnumbered paragraph quoted above. The Government's position is that the language " * * * to purchase or retain stocks which pay dividends in whole or in part otherwise than in cash and in its discretion to treat such dividends in whole or in part as income" creates in the trustee the authority to distribute corpus to the income beneficiaries in the form of stock dividends.

■■■ It is undeniable that under Massachusetts law stock dividends are considered to be corpus in the context of a trust distribution. Minot v. Paine, 1868, 99 Mass. 101, 108; Tait v. Peck, 1963, 346 Mass. 521, 194 N.E.2d 707. However, this court does not believe that the language emphasized by the defendant gives the trustee an authority to distribute stock dividends to the income beneficiaries. The fourth unnumbered paragraph, read in its entirety, governs the administration of the trust estate; its purpose is not to set forth independent powers of the trustee. Such powers are set forth in paragraph 4, subparagraphs A, B, C, D and E. Furthermore, paragraph 4, subparagraph D, grants the trustee an independent power to distribute corpus to the income beneficiaries in such amount as " * * * shall be necessary to provide for either of them proper care, comfort and support in sickness or in health." Since the parties have stipulated that the standard set forth therein is sufficiently definite to come within the rule of *Ithaca Trust,* this clause is not at issue. However, the existence of a clause granting the trustee a power to distribute corpus under certain circumstances is relevant in determining whether the testator intended to give the trustee such authority in the administrative clauses of the will. "If a testator intends to make a charitable gift, it will not be presumed that he gave a power to expend income in such a way as to prevent it from being charitable." 4 Bowe-Parker, Page on Wills, § 30.13, p. 95. The court concludes that Grace E. Smith did not intend to give such a power, that Old Colony does not have the power under the fourth unnumbered paragraph to distribute corpus to the income beneficiaries and that the administration of the trust estate is governed by the principles set forth in Old Colony Trust Company v. Silliman, 1967, 352 Mass. 6, 223 N.E.2d 504. In that case, the Massachusetts Supreme Court was asked to construe a broad principal-income power in a trust which provided income interests to private individuals and remainder interests to charity. The court held that such a grant, although broadly worded, is one only to decide in cases of doubt and cannot be used to shift beneficial interests.

"We think the grant of power to 'decide whether accretions' are to be treated as principal or income and how expenses are to be charged, apart from its possible exculpatory effect, is primarily an administrative power authorizing the trustee in instances of doubt to use its best informed judgment in good faith in the light of what the established rules suggest to the trustee is consistent therewith. This is a means of avoiding the expense of litigation. This power may not be used to shift beneficial interests. It does not authorize favoring either the charitable or the private beneficiaries. It is of equal advantage to each in conserving the assets of the trust. In our view such a power imports no more uncertainty in the ascertainment and calculations of the value of the charitable remainders than does the contingency that the

precise amount of administrative charges and of accretions over the years cannot be known in advance." 352 Mass. 10, 11, 223 N.E.2d 507.

Even if the fourth unnumbered paragraph is read to contain a power to distribute stock dividends, this power is limited by a fixed standard as required by *Ithaca Trust, supra.* This standard is supplied by the obvious intention of the testator to create charitable remainder interests and by the principles of the Massachusetts law of fiduciary duties as enunciated in Old Colony Trust Company v. Silliman, *supra.* In the light of that express intention, any distribution of stock dividends to the life beneficiaries which upset the basic relationship of life tenants and remaindermen created by the will, i. e., any distribution of stock dividends beyond a *de minimis* amount, would be a breach of trust under Massachusetts law. The reasoning and language of Bankers Trust Co. v. United States, 308 F.Supp. 545 (S.D.N.Y., 1970) is applicable to the case at bar.

"If trustees were to use their power to purchase wasting assets and their power to allocate receipts in a manner that would deplete or consume the trust corpus, they would certainly be violating their equitably imposed fiduciary duty to act in the best interests of the charitable remaindermen and the remaindermen could invoke equity to prevent or void their action or hold them personally liable for the breach of trust.

"The trustees' powers, therefore, to invest in wasting assets or to allocate cash receipts to principal or income is not an indirect power of invasion because it is limited by the testator's obvious intention of granting the remainder to charity and by New York law which requires a trustee to act for the benefit of the remaindermen. The charitable remainder is ascertainable and qualifies for a deduction from gross estate under § 2055 of the Internal Revenue Code. * * *" 308 F.Supp. at p. 548.

Judgment is therefore ordered for Old Colony Trust, the plaintiff in this case, in an amount to be determined by the parties in accordance with paragraph 34 of the stipulation filed with the court.