WORCESTER COUNTY NATIONAL BANK, executor & trustee, *vs.* EDITH R. KING & others.

Worcester.   November 3, 1970. — April 9, 1971.

Present: TAURO, C.J., SPALDING, REARDON, & QUIRICO, JJ.

*Equity Jurisdiction*, Instructions. *Jurisdiction*, State law affecting Federal tax. *Trust*, Trustee's discretion, Capital or income.

The executor and trustee named in a will which gave various charities remainder interests in a residuary trust established thereunder was entitled to maintain a nonadversary proceeding in equity for instructions as to his powers, a determination of which would govern Federal tax consequences. [233]

An interpretation by this court of a provision of a will setting forth discretionary administration and management powers of the executor and trustee thereof is binding on a Federal court as to issues under Federal tax laws. [233]

In a will which gave various charities remainder interests in a residuary trust established thereunder, a provision that "In the administration of the trust, [the trustee should have the power] to determine what receipts and disbursements . . . [should] be charged or credited to income and what receipts and disbursements . . . [should] be charged or credited to principal, . . . notwithstanding any rule of law applicable thereto," merely authorized the trustee in instances of doubt to use its best informed judgment in good faith, subject to the supervision of a Massachusetts court sitting in equity; following *Old Colony Trust Co.* v. *Silliman*, 352 Mass. 6. [233–234]

PETITION filed in the Probate Court for the county of Worcester on February 12, 1969.

The case was reserved and reported by *Wahlstrom*, J.

James F. Queenan, Jr., for the petitioner.

REARDON, J. A judge of the Probate Court has reserved and reported this matter based upon a petition in equity for instructions brought by the petitioner, the executor and trustee named in the will of the late Hermann P. Riccius. The petition joined all interested parties under the will, as well as the Attorney General of the Commonwealth who answered by admitting all the allegations of fact contained in the petition and joining in its prayers. The petition was taken for confessed against all other respondents. The Internal Revenue Service (IRS) was invited to intervene in the proceedings but declined.

The sole issue in this proceeding is the meaning of Clause V (d) of the testator's will, which reads as follows: "In the administration of the trust, [the trustee has the power] to determine what receipts and disbursements shall be charged or credited to income and what receipts and disbursements shall be charged or credited to principal, and, *notwithstanding any rule of law applicable thereto*, and, without limiting the generality of the foregoing, the trustee may make such determination as aforesaid in regard to securities and cash dividends, rights, and all other receipts resulting from the ownership of securities, and may treat the whole of the interest or dividends received from the securities as income without being obliged to amortize the premiums at which any such securities may be purchased or held" (emphasis supplied). The IRS has taken the position that the provision underlined confers upon the trustee so much latitude, under the law of this Commonwealth, that the charitable remainder interest in the trust is not "presently ascertainable" within the meaning of § 20.2055–2(a) of the Regulations promulgated under the United States Internal Revenue Code of 1954. Accordingly, it has disallowed the petitioner's claim on its estate tax return for the estate for a charitable deduction of $261,328.68 under § 2055 of the Code. The deduction is based on remainder interests in the residuary trust which

the will in Clause IV (b) gives to various charities. We are advised that the controversy between the petitioner and the IRS is currently before the United States Tax Court, which is awaiting our decision here. It appears that the IRS relies solely on Clause V (d) in the will in support of its position.

The questions raised by the report have been more than adequately covered in a series of recent cases here and in the Tax Court, particularly in *Old Colony Trust Co.* v. *Silliman,* 352 Mass. 6. We do not feel that extended further discussion is required; therefore we do no more here than to restate the conclusion dictated by those cases.

1. This court has jurisdiction to hear a petition such as this by an executor or trustee for instructions where Federal tax consequences hinge on questions of State law. *Watson* v. *Goldthwaite,* 345 Mass. 29, 31, 35. *Old Colony Trust Co.* v. *Silliman, supra,* at 8. In addition, our decision on this point, involving as it does a question of State law, will be binding on the Tax Court.[1] *Commissioner of Internal Revenue* v. *Estate of Bosch,* 387 U. S. 456, 465. *Estate of McGillicuddy* v. *Commissioner of Internal Revenue,* 54 T. C. 315, 323.

2. The clause here in question is not materially different from that involved in the *Silliman* case, where the issue was the same as that now before us. We hold that its meaning, as in that case, is "[to authorize] the trustee in instances of doubt to use its best informed judgment in good faith in the light of what the established rules suggest to the trustee is consistent therewith. This is a means of avoiding the expense of litigation. This power may not be used to shift beneficial interests. It does not authorize favoring either the charitable or the private beneficiaries. It is of equal advantage to each in conserving the assets of the trust. In our view such a power imports no more uncertainty in the

---

[1] The IRS declined to intervene because "it is our position that the Government will not be bound by the Probate Court's determination." However, the clear meaning of *Commissioner of Internal Revenue* v. *Estate of Bosch,* 387 U. S. 456, is that a decision of the *highest* State court on a matter of *State* law is binding on the Federal Courts.

ascertainment and calculations of the value of the charitable remainders than does the contingency that the precise amount of administrative charges and of accretions over the years cannot be known in advance. The trustee and the . . . [executor], applying the known and established rules in respect of the allocations referred to in . . . [the Article before the court], are under a duty to compute present values of charitable remainders exactly as they would under a trust that does not include an express statement of the power in the trustee to determine the allocations." *Old Colony Trust Co.* v. *Silliman,* 352 Mass. 6, 10–11.

The fact that Clause V (d) contains the words "notwithstanding any rule of law applicable thereto," whereas the clause in the *Silliman* case did not, does not call for a different interpretation of the two clauses. We specifically noted in the *Silliman* case, "Our decision will be effective as a precedent for purposes of our own subsequent decisions. The resolution of the issue now before us is, we believe, of importance *generally* as well as to the present parties . . ." (emphasis supplied). P. 9. Thus, that case was clearly designed to lay down a general rule for the interpretation of such clauses granting administrative powers, which are very common in one form or another. Finally, we note that the Tax Court has correctly construed the principles articulated in the *Silliman* case to apply to a clause which contained the phrase "notwithstanding any statute or rule of law for distinguishing income from principal or any determination of the courts." In briefly treating with this part of the clause, the court discounted it as "merely exculpatory." *Estate of McGillicuddy* v. *Commissioner of Internal Revenue,* 54 T. C. 315, 323.

We trust that this opinion will serve to dissolve any remaining doubts concerning that supervision which Massachusetts courts sitting in equity will exercise over trusts containing broadly phrased clauses relative to trustees' administrative or management powers. Doubt in this area of the law was caused by the decision of the United States Court of Appeals, First Circuit, in *State St. Trust Co.* v.

*United States*, 263 F. 2d 635, relying on broad language in *Dumaine* v. *Dumaine*, 301 Mass. 214, a case which dealt with a fact situation far removed from this one. In the intervening years we took occasion, most notably in the *Silliman* case, to dispel the misunderstanding engendered by the *Dumaine* case as interpreted by the *State St. Trust Co.* case. *Copp* v. *Worcester County Natl. Bank*, 347 Mass. 548, 551. *Boston Safe Deposit & Trust Co.* v. *Stone*, 348 Mass. 345, 351, fn. 8. *Briggs* v. *Crowley*, 352 Mass. 194, 200–201. The First Circuit itself has recently reversed the view it took of Massachusetts law in *State St. Trust Co.* v. *United States, supra,* (*Old Colony Trust Co.* v. *United States*, 423 F. 2d 601, 602–603).

A decree is to enter in the Probate Court consistent with this opinion.

*So ordered.*