In re ESTATE of Harry A. TOULMIN, Jr.

Virginia Bernthal TOULMIN, Executrix, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 71-1666, 71-1739.

United States Court of Appeals, Sixth Circuit.

June 15, 1972.

Robert E. Glaser, Cleveland, Ohio, M. R. Schlesinger, Arter & Hadden, Cleveland, Ohio, Eugene A. Mayl, Murphy & Mayl, Dayton, Ohio, on brief, for plaintiff-appellant.

Paul M. Ginsburg, Washington, D. C., Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, William M. Brown, Attys., Tax Division, Department of Justice, Washington, D. C., on brief; William W. Milligan, U. S. Atty., of counsel, for appellee.

Before The Honorable TOM C. CLARK,* Associate Justice, and PECK and KENT, Circuit Judges.

PECK, Circuit Judge.

This is an appeal and cross-appeal from a refund action for federal estate taxes brought by the executrix of the estate of Harry A. Toulmin, Jr. No facts are disputed; the case was submitted to the District Court on motions for summary judgment.

* The Honorable Tom C. Clark, formerly Associate Justice of the Supreme Court of the United States.

The taxpayer filed an estate tax return in 1966 which claimed a charitable deduction of $509,166, representing the present value of a testamentary trust remainder interest passing to Georgetown University Medical School of Washington, D. C. The Commissioner disallowed this proposed deduction and assessed a deficiency of $206,598.02, plus interest, which was paid on December 13, 1968. The taxpayer's claim for a refund was rejected, and suit was filed in the District Court.

In an opinion reported at 326 F.Supp. 1028 (S.D.Ohio 1971) Chief Judge Carl A. Weinman held that the estate was entitled to a charitable deduction for the remainder interest, and upheld the claim of the United States for a setoff of $125,014.99, the amount of a settlement made by the estate to the testator's daughter in a will contest action which she had filed in 1965 in the Common Pleas Court of Montgomery County, Ohio. The government has appealed from the allowance of the deduction, and the taxpayer has appealed from the allowance of the setoff.

Section 2055(a) of the Internal Revenue Code of 1954 provides that " . . . the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devisees, or transfers . . . " to or for the use of charitable, religious, or certain other organizations. Where, as in this case, a trust is created for both a charitable and a private purpose, estate tax regulation 20.2055–2(a) and (b) allows a deduction to be taken for the value of the charitable beneficial interest if the charitable interest is "presently ascertainable, and hence severable from the non-charitable interest" and if, viewing the circumstances as of the time of decedent's death, "the possibility that the charitable transfer will not become effective is so remote as to be negligible." The regulations further provide that if the trustee is empowered to divert the property or fund, in whole or in part, for the noncharitable purpose or use, the charitable deduction shall be limited to that portion, if any, of the property or fund which is exempt from an exercise of the power. Thus, the sole issue for determination is whether the amount of the interest which will pass to the Georgetown University Medical School is "presently ascertainable."

The decedent's will, modified by five codicils, established two testamentary trusts, designated "Marital Deduction Trust" and "Trust Estate." The decedent directed his trustees to pay the income from the trust estate to his widow for life with the exception of $3,000 payable annually to his chauffeur for life. Upon the death of the last surviving income beneficiary the remainder interest of the trust estate was to pass to Georgetown University Medical School. The relevant terms of the will granting administrative powers to the trustees of the trust estate are set out in the reported opinion of the District Court and need not be repeated here. Judge Weinman therein found that although the terms of the will do not limit the trustees' discretion in the exercise of their administrative powers, the laws of Ohio impose measurable standards upon their discretion and preclude them from eroding the principal below its original value and that therefore the value of the charitable remainder was presently ascertainable as of the date of the decedent's death.

The government, in appealing from this portion of the Court's judgment, contends that under Ohio law the trustees have broad discretionary powers to deplete the trust corpus for the benefit of the noncharitable income beneficiary by determining the manner in which all receipts and disbursements shall be credited or charged between income and principal. The government relies upon several recent cases which have disallowed a claimed deduction: Rand v. United States, 445 F.2d 1166 (2d Cir. 1971); Estate of Stewart v. Commissioner of Internal Revenue, 436 F.2d 1281 (3d Cir. 1971), cert. denied, sub nom Henderson v. Commissioner of In-

ternal Revenue, 404 U.S. 828, 92 S.Ct. 64, 30 L.Ed.2d 57 (1971); Florida Bank at Lakeland v. United States, 443 F.2d 467 (5th Cir. 1971); Miami Beach First National Bank v. United States, 443 F. 2d 475 (5th Cir.), cert. denied, 404 U.S. 984, 92 S.Ct. 447, 30 L.Ed.2d 367 (1971); First National Bank in Palm Beach v. United States, 443 F.2d 480 (5th Cir.), cert. denied, 404 U.S. 983, 92 S.Ct. 445, 30 L.Ed.2d 367 (1971); Gardiner v. United States, 458 F.2d 1265 (9th Cir. 1972).

The taxpayer similarly relies upon other recent decisions which indicate that general administrative powers held by a trustee are subject to a fiduciary duty which must be exercised impartially between the life beneficiary and the charitable remainderman, and that therefore the deductibility of the remainder under Section 2055 is not lost: Greer v. United States, 448 F.2d 937 (4th Cir. 1971); Bankers Trust Company v. United States, 308 F.Supp. 545 (S.D.N.Y.1970), aff'd on other grounds 438 F.2d 1046 (2d Cir. 1971); Peoples Trust Company of Bergen County v. United States, 444 F.2d 193 (3d Cir. 1971); Old Colony Trust Company v. United States, 317 F.Supp. 618 (D.C. Mass.1970).

This apparent variety of views is not surprising. As noted in the *Greer* case, each decision turns upon the trust law doctrines and practices of the particular states involved, as well as the language of the trust instrument under consideration. For example, the government cites as authority the *Stewart* case, *supra,* which was decided under New York law. But Ohio does not have a statute equivalent to the New York Estates, Powers and Trusts law which grants extremely broad powers to trustees. Since this is the first case of this type arising under Ohio law, an examination of the Ohio law pertaining to trusts is necessary. The District Court's painstakingly thor-

ough analysis of the relevant Ohio statutes and cases is set forth in the reported decision, and need only be summarized here.

 It is clear that in Ohio, the expressed desires of the testator are controlling, Sherman v. Sherman, 5 Ohio St.2d 27, 213 N.E.2d 360 (1966), and that a trustee must treat all beneficiaries impartially unless a preference is expressed, In re Estate of Sells (Nolkema v. Hanover), 15 Ohio App.2d 23, 29–31, 238 N.E.2d 803 (1968). The will is perfectly clear that the testator desired that the life beneficiaries and the charitable remainderman be treated equally. An analysis of the five codicils shows a clear pattern of deleting all provisions which would allow his trustees to favor the principal life beneficiary over the charitable remainderman.

The government contends that such analysis indicates that the testator's intention to delete these provisions from the will accomplished the effect of producing a final version in which no preference was expressed but which nevertheless informed his trustee of his ulterior motive of preferring his primary life beneficiary. We are unable to agree with this contention. The trustees are bound by the terms of the will as modified by the codicils, and the law of Ohio is clear that the Attorney General of Ohio can enforce these provisions to prevent the trustees from departing from the provisions of the will, as modified (Section 109.24 O.R.C.).

Although in some states it may be possible for a trustee with these powers to favor one beneficiary over another, we agree with the District Court that under Ohio law this would not be permitted.[1] Ohio follows what has been termed the "Massachusetts Rule" which provides that all share dividends must be allocated in their entirety to principal for the benefit of the remainderman, and that the life beneficiary is entitled

---

1. In Ohio, even a grant of absolute and uncontrolled discretion will be controlled by the court. In re Estate of Ternansky,

141 N.E.2d 189, 4 O.Op.2d 329 (App.Ct. 1957).

to only cash dividends. Lamb v. Lehmann, 110 Ohio St. 59, 143 N.E. 276 (1924). Bonds and other securities purchased at a premium must be amortized so that the corpus will remain intact. Sedgwick v. Sedgwick, 74 Ohio App. 435, 440–441, 59 N.E.2d 611 (1944).

We conclude, as did the District Court, that under the law of Ohio and on the particular facts of this case, the right of the trustees of the trust estate under their general powers of administration to effect an indirect diversion of corpus from principal to income to favor the life beneficiaries is so limited and restricted that the value of the charitable remainder is "presently ascertainable" as of the date of the decedent's death, and that "the possibility that the charitable interest will not become effective is so remote as to be negligible."

In appealing from the District Court's allowance of a setoff, the taxpayer contends that sufficient facts were not before the Court from which it could determine whether the payment of the settlement in the will contest action was made out of principal or out of income generated during the period between the death of the decedent and the payment to the testator's daughter, or to determine whether the payment was made out of appreciation in assets after the death of the decedent. We find no merit to this contention. When the executors settle a pending will contest by payment of a sum certain, the amount of the charitable contribution deduction for estate tax purposes is reduced accordingly and no deduction is allowed except for the amount received by charity to be devoted to charitable purposes. Irving Trust Co. v. United States, 221 F.2d 303 (2d Cir. 1955). The record fully supports the District Court's findings as to the source of the settlement and as to its effect upon the charitable remainder.

The will contest settlement specified that Business Corners, Inc., a holding company solely owned by the testator, would pay the testator's daughter $24,914.99 in cash from its accumulated earnings and surplus and would allow her to select securities with a value of $100,000 from the corporation's portfolio. The District Court held that this settlement by the corporation to the testator's daughter reduced the total value of the outstanding stock held by the estate by $124,914.99, and that this settlement was not from current income but was from capital assets. Since the settlement was paid out of the trust assets, the charitable remainder interest was necessarily reduced; but the fact that the remainder would pass to the charity at some time in the future required a recomputation rather than a simple subtraction from the remainder of the amount of the settlement. We find no basis for disturbing this conclusion of the District Court.

For the reasons hereinabove set forth, and for those contained in Chief Judge Weinman's opinion, 326 F.Supp. 1028 (S.D.Ohio 1971), the judgment of that Court is affirmed.