PLYMOUTH COUNTY WILDLANDS TRUST[1] *vs.* DONALD O. SMITH & others.[2] No. 03-P-356. March 4, 2005. *Probate Court, Jurisdiction. Jurisdiction, Probate Court, State law affecting Federal tax. Will, Residue clause.*

The dispute in this case concerns the residuary clause of the last will and testament of Richard J. Cotter, Jr., a Massachusetts resident who died on March 9, 1999. The plaintiff, Plymouth County Wildlands Trust (Wildlands Trust), one of four cobeneficiaries of the residue, and one defendant, Donald O. Smith, the executor, appeal from a judgment of the Probate and Family Court dismissing the plaintiff's complaint for declaratory judgment for lack of subject matter jurisdiction.

The facts are briefly as follows. Cotter left the residue of his estate to four organizations: the Thornton W. Burgess Society of East Sandwich; Wildlands Trust; the Cura Visiting Nurse's Association, Inc., of Plymouth; and the New Christian Crusade Church (NCCC) of Metairie, Louisiana. Cotter's will provided that if any of these "organizations shall not qualify at the time of [Cotter's] death for tax deductible charitable bequest under the United States

---

[1]Also known as The Wildlands Trust of Southeastern Massachusetts.

[2]The Attorney General, New Christian Crusade Church, Thornton W. Burgess Society, and Cura Visiting Nurse's Association, Inc. Defendant Donald O. Smith filed an answer, a counterclaim, and a cross claim against New Christian Crusade Church.

Internal Revenue Code then in effect, the property that would otherwise pass to that organization shall instead pass equally to the other organizations entitled to take [under the residuary clause]."

Wildlands Trust brought this action under the general equity jurisdiction of the Probate and Family Court against defendants NCCC and Smith. (The other residuary cobeneficiaries and the Attorney General are also named as defendants but have not taken an active role in the litigation.) In its complaint for instructions and for declaratory relief, Wildlands Trust alleged that at the time of the testator's death, NCCC did not in fact carry on any substantial religious or charitable activity as described under § 501(c)(3) and § 2055(a) of the Internal Revenue Code, 26 U.S.C. §§ 501(c)(3), 2055(a) (1994). Therefore, according to Wildlands Trust, NCCC was not eligible to inherit under the will. The complaint sought injunctive relief prohibiting distribution to NCCC, a declaratory judgment that NCCC does not satisfy the condition precedent of the will, and corresponding instructions to the executor. (According to the briefs, the value of the residuary estate at the time the complaint was filed was approximately $3 million.)

The executor filed an answer, a counterclaim, and cross claim in the nature of a complaint for instructions asserting that he had material doubt whether NCCC met the criteria for distribution under the residuary clause and requesting instruction on how to distribute the residuary estate. NCCC filed an answer in essence denying that there was any question as to its tax exempt status.

Upon NCCC's motion for summary judgment and Wildlands Trust's motion for judgment on the pleadings, the Probate and Family Court judge denied the motions and dismissed Wildlands Trust's complaint for lack of subject matter jurisdiction. The judge held that determining whether NCCC qualified for a tax deductible charitable bequest was a question of Federal law, outside the jurisdiction of the Probate and Family Court. The judge further held that Wildlands Trust had no standing to bring a complaint for instructions. As to the executor's counterclaim and cross claim for instructions, the judge instructed the executor "to take forthwith in [F]ederal court any and all steps necessary to conclusively resolve whether [NCCC] qualified at the time of Decedent's death for a tax deductible charitable bequest under the United States Internal Revenue Code then in effect."

We conclude that the judge's rulings dismissing the complaint for declaratory relief based on lack of subject matter jurisdiction and instructing the executor to resolve in Federal court whether NCCC qualified to take under the residuary clause were error. The proper distribution of an estate pursuant to a residuary clause of a Massachusetts will is a question of State law. See *Ferguson* v. *Massachusetts Audubon Soc.*, 316 Mass. 436, 445 (1944). That the will incorporates a Federal standard to determine the proper beneficiaries does not transform the issue into a Federal question. The Probate and Family Court has broad jurisdiction over the probate of wills and the administration of estates. See G. L. c. 215, §§ 3, 6. It is the appropriate forum to consider the testimony and other evidence of the parties. The beneficiaries, by disagreeing on NCCC's status, have created an adversary situation that puts the executor at risk. See *Babson* v. *Babson*, 374 Mass. 96, 103 n.5 (1977).

The Supreme Judicial Court has addressed Federal tax issues in the context of estate law questions and has advised the Probate and Family Courts to

proceed with interpreting the wills or trusts. See, e.g., *Old Colony Trust Co.* v. *Board of Governors of the Belleville Gen. Hosp.*, 355 Mass. 776, 780 (1969) (construction of will determined in accordance with Massachusetts law where testatrix resided); *Mazzola* v. *Myers*, 363 Mass. 625, 633-634 (1973) (determination of plaintiff's rights under husband's will was clearly a matter of State law and not determined by Federal tax law). See also *Old Colony Trust Co.* v. *Silliman*, 352 Mass. 6, 8 (1967); *Shawmut Bank, N.A.* v. *Buckley*, 422 Mass. 706, 709-710 (1996).

The summary judgment record, including the letter of NCCC's presiding officer to the decedent, raises a genuine issue of material fact whether NCCC qualified for a charitable tax deduction at the time of the decedent's death. While we do not mean to suggest that the resolution of this question will be without difficulty, a careful review of the evidence and examination of the case law will aid the court's analysis. The court's ultimate decision will serve the important functions of (i) instructing the executor how to distribute the residue properly and (ii) protecting the executor in the event that the Internal Revenue Service ultimately decides that the estate tax calculated on the basis of the distribution ordered by the court is deficient.

The decision denying Wildlands Trust's motion for judgment on the pleadings and NCCC's motion for summary judgment as well as the ruling that Wildlands Trust lacked standing to bring a complaint for instructions were warranted. The complaint of Wildlands Trust for declaratory relief and the counterclaim and cross claim of the executor are reinstated and remanded to the Probate and Family Court for a determination whether NCCC may take under the will.

*So ordered.*

*Merriann M. Panarella* for the plaintiff.
*Laurence D. Pierce* for Donald O. Smith.
*David L. Taylor* for New Christian Crusade Church.