Estate of George H. Moses, Deceased, Dudley W. Orr, Administrator, d.b.n. v. Commissioner.
Estate of George H. Moses v. Commissioner
Docket No. 19640.
United States Tax Court
1949 Tax Ct. Memo LEXIS 131; 8 T.C.M. (CCH) 641; T.C.M. (RIA) 49171; June 30, 1949
*131 Robert H. Reno, Esq., for the petitioner. Leo C. Duersten, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $915.01 in estate tax. The only issue is whether he erred in disallowing deductions for four charitable bequests in the total amount of $2,868.75. Findings of Fact The decedent died on December 20, 1944. An estate tax return was filed with the collector of internal revenue for the district of New Hampshire. The decedent provided in his will that the residue of his estate be placed in trust "to pay the net income and so much of the principal part thereof as my trustee shall find to be necessary to or for the benefit of my wife, Florence G. Moses, for and during the term of her natural life." The trustee was to deliver 125 shares of preferred stock of Continental Baking Company, or other stock or cash, to four relatives of the decedent after the death of Florence and at that same time was to deliver to the four admitted $100charties in cash and 25 shares of the preferred stock of Continental Baking Company, or other stock or cash. The remaining trust property was to be held in trust for *132 a son for life. The parties are agreed that the total amount of the bequests to charties is $2,868.75 and that the specific bequests to the four relatives amounted to $13,843.75. Florence G. Moses was born on May 11, 1870 and her life expectancy on December 20, 1944 was 6.27 or 7.61 years. She has continued to occupy, since his death, the nine room dwelling in Concord which she owns and where she and the decedent had resided. It was worth about $15,000 on December 20, 1944. She owned on that date securities having a value of about $27,000 from which she had annual income of about $1,250. Florence's sister lives with her and contributes to the expenses of the household. Florence maintains her household and lives in the same manner as before her husband died. She employs one servant and a chauffeur. Her living expenses and expenditures have been less than her total income from the trust and her own securities since December 20, 1944. The value of the residuary trust corpus on December 20, 1944 was about $82,000 and it produced annual income of over $5,000. The charitable bequests in the amount of $2,868.75 were deducted on the estate tax return. The Commissioner disallowed the *133 deduction in determining the deficiency because the entire corpus of the trust was subject to exhaustion by being used for the widow. Opinion MURDOCK, Judge: The Commissioner takes the position in this case that the decedent, in providing that so much of the principal of the trust as the trustee "shall find to be necessary to or for the benefit of my wife" did not fix any standard capable of being stated in definite terms of money, some or all of the principal which would otherwise go to the charities might be used for the wife's benefit, and, therefore, no reliable appraisal of the value of the charitable bequests can be made. The petitioner, on the other hand, takes the position that the words used by the decedent mean "necessary to support and maintain the widow in a manner fitting to her station and consistent with the standard of living which she enjoyed during the last years of the testator's life." Many cases on this subject have been decided by the courts and it is not easy to reconcile all of them. If the words used by the decedent are to be interpreted in the way in which the petitioner intends, then, of course, this case would fall within , *134 and the question would be whether the evidence showed that in all reasonable probability the bequests to charity would not have to be touched in order to maintain the widow consistent with the standard of living which she enjoyed during the last years of the testator's life. The evidence, although rather meager, preponderates slightly in favor of the petitioner that the charitable bequests would probably not be touched. The Supreme Court of New Hampshire has considered the interpretation of this very will, , and has held: "* * * The testator intended payments from principal to be restricted to those which the trustee finds to be necessary to the beneficiary's accustomed way of life: to support and maintenance, not merely 'comfortable' in a physical sense, but fitting to her station, and consistent with the standard of living which she enjoyed during the testator's later years." That being so, the case falls squarely within . Decision will be entered under Rule 50.