John P. **VACCARO**, Jeannette M. Manary and John F. Kelleher, Executors under the will of James W. Manary, Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 62–133–C.

United States District Court
D. Massachusetts.

Dec. 16, 1963.

308

Joseph G. Kelly, John Vaccaro, Joseph Lovino, Boston, for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., and Murray Falk, Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is an action in which the plaintiffs bring suit for refund of Federal estate taxes and interest amounting to $21,-898.74. The matter came on for hearing on the Government's motion for summary judgment which was briefed and orally argued by the parties.

On the basis of the pleadings and affidavit on file herein, I find that the decedent James W. Manary died testate on September 15, 1954, survived by his wife. His will was duly probated and it provided that after the payment of his debts and funeral expenses the entire residue of his property was left in trust for the benefit of his wife, and that upon the death of his wife certain specific bequests were to be made, after which the entire residue was to be distributed to certain charities. On August 17, 1956, an estate tax return was filed on behalf of the plaintiff-executors. The tax return disclosed total assets of $224,935.-35, expenses of $27,082.49, and bequests to the testator's widow amounting to $42,612.78. A charitable deduction of $143,946.08 was claimed and the return showed no estate tax due.

The District Director disallowed the charitable deduction and thereafter payments for taxes and interest totaling $21,898.74 were made by the estate on September 22, 1959. A timely claim for refund was filed and disallowed and on February 16, 1962 the instant action was initiated.

The propriety of the District Director's disallowance is to be determined by a construction of Subparagraph B of the second paragraph of testator's will, which provides as follows:

"B. The Trustees shall pay to my wife, JEANNETTE M. MANARY, for her benefit, during her life, from time to time, and in their uncontrolled discretion, such amounts from the income or principal thereof, as in the judgment of the Trustees will adequately provide for her support, maintenance and comfort, including luxuries, or will be for her best interest to receive, and for her funeral. The trustees shall not be responsible for any payments hereunder, unless acting in bad faith, and then shall be responsible only for her or his own acts of bad faith."

The Government seeks summary judgment herein on the theory that a reading of the above-quoted clause from testator's will clearly shows that the trust created therein does not qualify for the charitable deduction contained in 26 U. S.C.A. § 2055. The Government argues that this trust fails to qualify for the charitable deduction because it fails to set out and impose upon the testamentary trustees an ascertainable standard with respect to the trustees' power to invade principal for the benefit of the life tenant.

Counsel for the plaintiffs did not file a counter-affidavit challenging the motion for summary judgment, but did file a "motion to dismiss defendant's motion for sumary judgment" and a "motion to be permitted to offer evidence." The first of plaintiffs' motions merely states without further elucidation that plaintiffs "object to the allowance of defendant's motion for summary judgment on the ground that defendant has failed to comply with Rule 56(e) of the Federal Rules of Civil Procedure." Plaintiffs' second motion seeks permission to obtain "an opportunity * * * to submit evidence relating to the facts and circumstances known to the testator in explanation of the language used in his will."

■ The instant case is yet another presenting for determination the question whether the language used by a testator in creating a testamentary trust qualifies the trust for the charitable deduction. More exactly, the question is whether or not the language used to authorize the trustees to invade the corpus for the benefit of the life tenant restricts or fails to restrict that invasion to an ascertainable standard. If the standard selected by testator be construed as definite and ascertainable, then the charitable remainder as of the date of testator's death qualifies for the deduction provided in 26 U.S.C.A. § 2055. If the standard selected is not so construed, then the entire remainder is taxable as the District Director has earlier ruled.

The parties differ as to whether the instant trust is taxable under the test set out in Merchants National Bank v. Commissioner, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35 (1943), or is entitled to the charitable deduction within the language of Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647 (1929).

The recent opinion of the Court of Appeals for this Circuit in State Street Bank & Trust Co. v. United States, 1 Cir., 313 F.2d 29, 31 (1963), indicates that the question thus presented herein should be resolved in favor of the Government. The Court said,

"[T]his testator could have provided for his widow's 'comfortable support and maintenance,' or, indeed, in terms for her 'accustomed standard of living,' and escaped this difficulty. Where he chose to say something more, with complete absence of specificity, we believe the risk of uncertainty should be his and not the government's."

Applying that language to this case, it would appear that had the testator herein said merely that the trustees could invade the corpus and pay to the life tenant "such amounts * * * as in the judgment of the Trustees will adequately provide for her support, maintenance and comfort, including luxuries," an objective standard could have been found. However, by adding "or will be for her best interest to receive," the testator rendered the value of the remainder unascertainable for Section 2055 purposes.

I find no merit in plaintiffs' argument that the second clause is a mere modifier of the clause "adequately provide for her support, maintenance and comfort," and the reasoning of the Court of Appeals in the State Street Bank case lends no support to plaintiffs' contention that the clause "or will be for her best interest to receive" should be ignored and disregarded as surplusage.

■ I rule that the testamentary trust in the will of the late James W. Manary fails to set out an ascertainable standard by which to determine the extent to which the corpus might be invaded for the benefit of the life tenant, and that the District Director correctly ruled that the remainder to charities failed to qualify for the deduction contained in 26 U.S.C.A. § 2055.

Plaintiffs' motion to dismiss defendant's motion for summary judgment and plaintiffs' motion for permission to offer evidence are denied. Defendant's motion for summary judgment is allowed. Complaint dismissed.