John T. SHAFER, Executor of the Estate of Olive M. Shafer, deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 18710.

United States Court of Appeals, Seventh Circuit.

Oct. 13, 1971.

Charles R. Vaughan, LaFayette, Ind., for plaintiff-appellant.

Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Richard W. Perkins, Atty., U. S. Dept. of Justice, Washington, D. C., William C. Lee, U. S. Atty., Fort Wayne, Ind., for defendant-appellee.

Before KNOCH, Senior Circuit Judge, PELL, Circuit Judge, and GORDON, District Judge.[1]

PER CURIAM.

John T. Shafer, acting as executor of the estate of Olive M. Shafer, deceased, brought this action in the district court for recovery of a payment of $287,118.-34, assessed against and collected from the estate for federal estate tax purposes by the district director of internal revenue.

The primary thrust of the original action, and the sole issue involved upon this appeal, was the disallowance by the district director of a charitable deduction of $751,783.76 claimed by the Executor on the federal estate tax return filed on behalf of the decedent's estate. On motion of the Government, summary judgment was granted in favor of the Government's position on the issue and this appeal was taken therefrom.[2]

By her will executed in 1962 decedent made numerous minor bequests and established a residuary testamentary trust to dispose of the bulk of her estate. Essentially, the will provided for the trust income to be paid to the decedent's son during his lifetime, and at his death the

1. District Judge Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

2. The district court's Memorandum of Decision and Order was filed on February 12, 1970, and is unofficially reported at 70–1 U.S.T.C. ¶ 12,660 (N.D.Ind.1970).

bulk of the corpus of the trust was to be distributed to two educational-charitable beneficiaries, DePauw University and the Masonic Home, Franklin, Indiana.

Item Six of the will gave the trustees the power to invade the trust corpus as follows:

" * * * In the event the net income from the corpus of this trust is not sufficient to properly care for, maintain and support of [sic] my said son, then my said Trustees are hereby empowered to expend such portion of the principal of said trust funds from time to time as in the judgment of said Trustees and in the judgment of the Court having jurisdiction of this trust shall be necessary for the care, maintenance and support of my said son."

We gather from one of the affidavits by the Executor in connection with the motion for summary judgment that the testatrix was not entirely satisfied that the provisions for invasion of the corpus absolutely insured the care that she wanted for her son, who was mentally ill and who was confined in a mental institution with all indications being that this would be a lifetime institutionalization. In any event, the testatrix at the age of 81, at the time of the preparation of the will, put in her own handwriting a paragraph which was incorporated into the will as Item Twenty and which contained the following language:

"I direct my Executors, Trustees and Guardians to exercise the fullest and most unlimited discretion in favor of my beloved son, Walter Lee Shafer, in order that he might enjoy every necessity, comfort and convenience; as my estate shall justify and as shall meet with their discretion, but he shall be shown every kindness and consideration that I would extend, were I here, and his well being shall have priority over every other consideration."

Section 2055(a) of 26 U.S.C. (1964) provides:

" * * * the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests * * * or transfers * * * (2) to or for the use of any corporation organized and operated exclusively for * * * charitable * * * educational purposes. * * * "

The relevant provisions of the Treasury Regulations provide that:

"If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the noncharitable interest." 26 C.F.R. § 20.2055-2(a)

The issue before us is whether the power given to the trustees under the will to invade corpus was limited by an ascertainable standard so that the value of the charitable remainder of the trust could be determined and thus deducted from the gross estate. The district court was of the opinion that while Item Six properly met the ascertainable standard requirement its effectiveness was nullified by Item Twenty, since the will had to be read as a whole. We agree and adopt and approve of the district court's reasoning as contained in the Memorandum of Decision and Order (*supra*, footnote 2).

We, however, do further note the contention of the Executor that the son's mental condition was incurable and that the income from the trust would greatly exceed the remotest financial needs of the son. Thus, it is argued, that her concern for her son's financial well being could not and did not serve as any motivation for the language of Item Twenty because no amount of money could be of any help to him. However, as the Government points out, if the needs of the son could have been met without the invasion of the trust corpus then no power of invasion whatsoever, not even that contained in Item Six, would have been necessary, or found, in the will. This is not a situation in which we find any authority to go out-

side of the plain language of the will and the decedent's expressed concern over the possible occurrence of future contingencies which might warrant extraordinary expenditures on behalf of her son.

The plain reading of the items in question requires a conclusion that the language of Item Twenty grants to the trustees a broad discretion to invade trust corpus, not limited by any ascertainable standard and the district court is correct in denying the claimed charitable deduction.

This case is a striking, albeit sad, illustration of the result that may well follow when a lawyer permits a lay client to dictate wording in instruments which require legalistic precision of meaning and which are subject to equally legalistically precise construction.

Affirmed.