**Ruby E. BOOHER, Executrix of the Estate of Harry W. Booher, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 4236.

United States District Court,
S. D. Ohio, W. D.

Sept. 12, 1973.

Robert E. Harley, Springfield, Ohio, for plaintiff.

William W. Milligan, U. S. Atty., Columbus, Ohio, for defendant.

CARL B. RUBIN, District Judge.

This matter is before the Court upon an Agreed Statement of Facts and upon briefs filed by the parties. In accordance with Rule 52 of the Federal Rules of Civil Procedure, the following Findings of Fact and Conclusions of Law are filed.

## I. FACTS

1. On January 21, 1955, the decedent, Harry W. Booher, executed an Indenture of Trust. He died November 14, 1967. As executrix, Ruby E. Booher timely filed a federal estate tax return for the decedent's estate and paid the tax due thereon ($4,688.97). The estate claimed a deduction of $135,628.00 for a charitable remainder interest in the decedent's trust under § 2055(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 2055(a)(2) (1967).

2. The Internal Revenue Service disallowed the claimed deduction and assessed a deficiency of $54,522.52[1] together with an assessment for interest in the amount of $7,231.33. The assessed deficiency and interest were paid by the Booher Estate on or about May 7, 1971, and on July 21, 1971, the Estate timely filed a claim for refund. Such claim was disallowed by the District Director of Internal Revenue Service at Cleveland, Ohio.

3. While the trust was created inter vivos, it survived the settlor's death with elective income to Ruby E. Booher, widow. A failure of the widow to elect income by February 15 of each year would cause such income to be divided between Wheaton College and Moody Bible Institute.[2]

4. Section 7 of the Indenture of Trust provides in part as follows:

In case, in the opinion of my wife, Ruby E. Booher, an emergency arises as the result of which her support and needs cannot be adequately met with the use of funds or income of her own, increased by income from this trust, then she may withdraw and the Trustees shall deliver to her, upon her written request, such amounts out of the principal of this Trust as shall be necessary when added to other available funds to meet her then needs. Her statement in such written request to the Trustee, as to the existence of the needs and the amount required to meet them shall be sufficient justification for the Trustee to permit withdrawal from principal under this clause.

5. § 2055 of the Internal Revenue Code of 1954, 26 U.S.C. § 2055 (1967), in effect at the decedent's death, stated:

(a) In general.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be de-

---

1. According to the Stipulations of Fact, a small part of the deficiency assessment is attributable to discovery of additional assets in the value of $3,667.71. The remainder of the assessment is attributable to the disallowance of the charitable remainder.

2. No issue has been raised by the parties as to qualifications of the Moody Bible Institute and Wheaton College as bona fide educational or charitable remaindermen.

termined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers. . .

(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation; . . .

6. The applicable Estate Tax Treasury Regulation[3] § 20.2055-2, 26 C.F.R. § 20.2055-2 (1973) is as follows:

(a) *Remainders and similar interests.* If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the non-charitable interest. The present value of a remainder or other deferred payment to be made for a charitable purpose is to be determined in accordance with the rules stated in § 20.2031-7. Thus, if money or property is placed in trust to pay income to an individual during his life, or for a term of years, and then to pay the principal to a charitable organization, the present value of the remainder is deductible. . . .

. . . . . .

(b) *Transfers subject to a condition or a power.* If, as of the date of a decedent's death, a transfer for charitable purposes is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that the charitable transfer will not become effective is so remote as to be negligible. If an estate or interest has passed to or is vested in charity at the time of decedent's death and the estate or interest would be defeated by the performance of some act or the happening of some event, the occurrence of which appeared to have been highly improbable at the time of the decedent's death, the deduction is allowable. If the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, the deduction will be limited to that portion, *if any,* of the property or fund which is exempt from an exercise of the power. The deduction is not allowed in the case of a transfer in trust conveying to charity a present interest in income if by reason of all the conditions and circumstances surrounding the transfer it appears that the charity may not receive the beneficial enjoyment of the interest.

. . . . .

## II. OPINION

A determination of taxability or non-taxability requires the following inquiry:

(1) is the power to invade the trust corpus in terms of a measurable and ascertainable standard, and (2) if a fixed standard is ascertainable, is the possibility of invasion remote enough to insure the charitable remaindermen will, in all likelihood, take an actuarially calculable amount? Humes v. United States, 276 U.S. 487 [48 S.Ct. 347, 72 L.Ed. 667] (1928); Ithaca Trust Co. v. United States, 279 U.S. 151 [49 S.Ct. 291, 73 L.Ed. 647] (1929); Merchants National Bank v. Commissioner, 320 U.S. 256 [64 S.Ct. 108, 88 L.Ed. 35] (1943); Henslee v.

3. Treas.Reg. § 20.2055-2, 26 C.F.R. § 20.2055-2 (1973) is exactly the same as it was on November 14, 1967, the date of the decedent's death.

Union Planters National Bank & Trust Co., 335 U.S. 595 [69 S.Ct. 290, 93 L.Ed. 259] (1949).

The Supreme Court has twice, under this two-pronged test, denied charitable deductions. A right of a trustee to invade corpus "for the comfort, support, maintenance, and/or happiness of my said wife, and it is my wish and will that in the exercise of its discretion with reference to such payments from the principal of the trust fund to my said wife, May L. Field, my said Trustee shall exercise its discretion with liberality to my said wife, and consider her welfare, comfort and happiness prior to claims of residuary beneficiaries under this trust" was denied. Merchants National Bank v. Commissioner, *supra.*

Instructions to a trustee "to use and expend in their discretion any portion of my estate, either income or principal for the pleasure, comfort and welfare of my mother . . . The first object to be accomplished in the administration and management of my estate and this trust is to take care of and provide for my mother in such manner as she may desire and my executors and trustees are fully authorized and likewise directed to manage my estate primarily for this purpose" likewise caused a denial of a charitable remainder deduction. Henslee v. Union Planters National Bank & Trust Co., *supra.*

In each instance the Supreme Court held the charitable interest not "presently ascertainable."

The criteria enunciated by the Supreme Court in *Merchants National Bank* and *Union National Bank & Trust Co.* have spawned numerous lower court cases interpreting the "presently ascertainable" standard to determine deductibility of charitable remainders. Where a trust provides generally that the trustee may invade corpus for the support and maintenance of an income beneficiary or an intervening holder of a life estate, courts appear to favor finding an ascertainable standard by which the charitable deduction may be had by the estate.[4] This is particularly true where

---

4. *E. g.*, Salisbury v. United States, 377 F.2d 700 (2d Cir. 1967) (maintenance, support and medical expenses . . . [and support, care and benefit while the beneficiary] is incapacitated") ; St. Louis Union Trust Co. v. United States, 374 F.2d 427 (8th Cir. 1967) ("proper maintenance and support") ; Berry v. Kuhl, 174 F.2d 565 (7th Cir. 1949) ("treatment, support or maintenance") ; Peoples Trust Co. v. United States, 311 F.Supp. 1197 (D.N.J.1970) ("support, maintenance, health and needs") ; Florida Nat'l Bank v. United States, 310 F.Supp. 1321 (M.D.Fla. 1969) ("support and maintenance . . . medical, hospital, nurses' care and any other extraordinary and necessary expenses") ; Mercantile-Safe Deposit and Trust Co. v. United States, 252 F.Supp. 191 (D.Md.1966) ("support, maintenance, comfort, and general well being) ; Estate of H. M. Jones, 29 T.C. 200 (1957) ("for their proper maintenance, education, and support, in accordance with the standard of living to which they have been accustomed, or to provide against any emergency expenses") ; Estate of N. H. Jennings, 10 T.C. 323 (1948) ("care and maintenance") ; Estate of L. H. Elmer, 6 T.C. 944 (1946) ("support and maintenance") ; Estate of R. B. Messer, 27 B.T.A. 556 (1933) ("support, care,

and maintenance") ; Estate of J. A. Schmitt, 14 T.C.M. 579, T.C.Memo. 1955-155 ("proper maintenance and support, or other necessity"). *Compare*, Rev.Rul. 70-450, Cum.Bull. 1970-2 at 195 (a power to invade corpus for comfortable support and maintenance including expenses of illness and hospitalization, or other medical care, constitutes an ascertainable standard) *and* Rev.Rul. 54-285, Cum. Bull. 1954-2 at 302 (a charitable deduction may be allowed where the will or instrument authorizes invasion of corpus for the comfortable maintenance and support of life beneficiaries) *with* Rev.Rul. 68-336, Cum.Bull. 1968-1 at 408 (deduction denied for reasonable maintenance, care, support, comfort, medical and hospital expenses). *See also*, 4 Mertens, Federal Gift and Estate Taxation, § 28.38 (vol. 3 Cum.Supp.1972) ; Rabkin & Johnson, Federal Income, Gift and Estate Taxation, § 59.08 (1973).

*Contra*, Hartford Nat'l Bank and Trust Co. v. United States, 327 F.Supp. 1138 (D.Conn. 1971), rev'd 467 F.2d 782 (2d Cir. 1972) (deduction denied then allowed for "necessary for physical welfare") ; Kline v. United States, 202 F.Supp. 849 (N.D.W.Va.1962), aff'd per curiam, 313 F.2d 633 (4th Cir. 1963) ("proper maintenance and support") ; Spring-

the instrument specifies or it can be implied that the standard of comfort and support is to be that which is the beneficiary's accustomed standard of living as of the decedent's death.[5] Where considerations like comfort, happiness, or welfare are added to support and maintenance as elements, courts have evidenced a greater reluctance to allow a deduction.[6]

An application of the principles suggested in *Merchants National Bank, supra,* and *Union Planters National Bank, supra,* requires examination of the trust document and particularly Section 7. Section 7 of the Indenture of Trust is

field Safe Deposit & Trust Co. v. Hassett, 43 F.Supp. 401 (D.Mass.1942) ("suitable support, maintenance and medical attendance") ; Estate of J. W. Holmes, 5 T.C. 1289 (1945) ("proper care and maintenance").

5. *E. g.,* Estate of H. M. Jones, *supra* note 4; Union Nat'l Bank v. Looker, 64–2 U.S.T.C. ¶ 12,258 (N.D.W.Va.1964) ; Estate of L. O. Carlson, 21 T.C. 291 (1953) ; Gardiner v. United States, 69–2 U.S.T.C. ¶ 12,628 (D. Ariz.1969) ; Greer v. United States, 448 F. 2d 937 (4th Cir. 1971) ; United Trust Co. v. Tomlinson, 365 F.2d 40 (5th Cir. 1962) ("to give sympathetic consideration to any request") ; Hartford Natl. Bank & Trust Co. v. United States, *supra* note 4.

6. *E. g.,* Shafer v. United States, 452 F.2d 666 (7th Cir. 1971) ("every necessity, comfort and convenience . . . shown every kindness and consideration") ; United States v. Commercial Nat'l Bank, 404 F.2d 927 (10th Cir. 1968), cert. denied, 393 U.S. 1000, 89 S.Ct. 487, 21 L.Ed.2d 465 (1968) ("comfort, welfare, contentment and happiness") ; Title Ins. & Trust Co. v. United States, 370 F. 2d 333 (9th Cir. 1967), aff'g, 249 F.Supp. 386 (S.D.Cal.1965) ("reasonable support, care and comfort, or for expenses of accident, illness or misfortune or for any purpose whatsoever, whether included in the foregoing classification or not") ; Union Trust Co. v. Tomlinson, 355 F.2d 40 (5th Cir. 1966) (Trustee directed to "give sympathetic consideration to any request") ; Estate of Zentmayer v. Commissioner, 336 F.2d 488 (3rd Cir. 1964) ("support, maintenance, welfare, and comfort," and "for any other purpose") ; Kline v. United States, 313 F.2d 633 (4th Cir. 1963) aff'g, 202 F.Supp. 849 (N.D.W.Va.1962) ("proper maintenance and support . . . to the same generous extent [decedent], if living, could do") ; Seubert v. Shaughnessy, 233 F.2d 134 (2d Cir. 1956) ("any purpose which may add to her comfort or convenience") ; National Bank of Commerce v. Scofield, 169 F.2d 145 (5th Cir. 1948), cert. denied, 335 U.S. 907, 69 S.Ct. 410, 93 L.Ed. 441 (1949) ("to liberally provide . . . [the] wife with the necessities and comforts in life to which she is accustomed") ; Loyd v. United States, 319 F.Supp. 237 (W.D.Tenn.1970),

aff'd per curiam, 443 F.2d 1179 (6th Cir. 1971) ("the trustee shall be generous and liberal" in providing for her "maintenance, support, welfare, enjoyment and pleasure") ; Sachter v. United States, 312 F.Supp. 670 (S.D.N.Y.1970) (where the happiness of the daughter was directed to be paramount in maintaining her health, welfare, happiness, well being, and contentment) ; Citizens First Nat'l Bank v. United States, 288 F.Supp. 750 (D.N.J.1968) ("such sums . . . as . . . may seem advisable or proper") ; Marine Trust Co. v. United States, 247 F.Supp. 278 (W.D.N.Y.1965) ("health, support, maintenance, comfort, welfare or for any other reason") ; McGraw v. United States, 229 F.Supp. 118 (W.D.Va.1964) ("comfortable support, maintenance, medical care, welfare and happiness") ; Vaccaro v. United States, 224 F.Supp. 307 (D.Mass.1963) ("support, maintenance and comfort, including luxuries, or will be for her best interest to receive") ; Price v. Rothensies, 67 F.Supp. 591 (E.D.Pa.1946) ("comfort and support") ; Springfield Safe Deposit & Trust Co. v. Hassett, 43 F.Supp. 401 (D.Mass.1942) ("suitable support, maintenance and medical attendance") ; Estate of H. M. Harris, 23 T.C.M. 635, T.C.Memo. 1964–109 (support, comfort and happiness) ; Estate of C. H. Koinm, 16 T.C.M. 728, T.C.Memo. 1957–165 (comfortable maintenance or support or in case of illness, accident, or other misfortune) ; Estate of C. H. Wiggin, 3 T.C. 464 (1944) (comfort and support) ; Estate of L. Schumacher, 2 T.C.M. 1018 (comfort and convenience) ; Rev.Rul. 67–279, Cum.Bull. 167–2 at 333.

*Contra,* Hartford Nat'l Bank and Trust Co. v. United States, 467 F.2d 782 (2d Cir. 1972) ("physical welfare") ; Blodget v. Delaney, 201 F.2d 589 (1st Cir. 1953) ("comfort and welfare") ; Estate of M. C. Wood, 39 T.C. 919 (1963) (support, maintenance, welfare and comfort) ; Estate of A. F. Kenney, 11 T.C. 857 (1948) (comfort and support) ; Estate of E. E. Jack, 6 T.C. 241 (1946) (necessary for comfort and support) ; Estate of L. J. Martin, 27 T.C.M. 1564, T.C.Memo. 1968–296 (maintenance, comfort and benefit) ; Estate of A. M. Briggs, 5 T.C.M. 1114 (comfort, support, or maintenance) ; Rev.Rul. 54–285, Cum.Bull. 1954–2 at 302.

clear on its face on the powers and duties of the trustee and of the plaintiff income beneficiary. The instrument specifically provides that the opinion of the settlor's wife, Ruby E. Booher, as income beneficiary is controlling upon the trustee. When she, in her own unfettered discretion and opinion, decides money is needed to meet a future emergency or need, she may request the money and "the trustee shall deliver" the requested amount. It is difficult and overly strained to find any discretion lodged in the trustee when he cannot, under the express language of Section 7, refuse the wife's request.

The trust instrument also includes a standard for invasion of principal for emergency future needs. This standard might in some cases be deemed an ascertainable standard even though provisions for future needs have been found to render the remainder too unascertainable to allow deductions. Hartford National Bank & Trust Co., 327 F.Supp. 1138 (D.Conn.1971), rev'd, 467 F.2d 782 (2d Cir. 1972) ; Lincoln Rochester Trust Co. v. Commissioner, 181 F.2d 424 (2d Cir. 1950) ; Estate of G. H. Moses, 8 T.C.M. 641.

Where, however, the wife or income beneficiary has conclusive judgment as to the future emergencies, ascertainability of a measurable standard for invasion is a different matter. The complexion of the trustee's rights and duties change completely when the beneficiary possesses such conclusive judgment and full control for invasion of principal. Brodhag v. United States, 319 F.Supp. 747 (S.D.W.Va.1970) ; Merrill Trust Co. v. United States, 167 F.Supp. 474 (N.D. Me.1958).

In Section 7 of the Booher trust, the settlor expressly indicated his intent and desire that his wife's opinion be the sole catalyst in precipitating an invasion of the corpus. Her discretion and her opinion are binding on the trustee, i. e., it "shall deliver . . ." Section 7 further states that the wife's request shall be "sufficient justification" for the trustee to release corpus funds to her. Construing, as the Court must, the instrument as a whole, e. g., Brenneman v. Bennett, 420 F.2d 19 (8 Cir. 1970), this provision in Section 7 is an exculpatory clause for the trustee, particularly in view of the total absence of its discretionary power to refuse invasion of the corpus on the wife's request. This clause immunizes the trustee from liability to any remaindermen for invading the principal on the wife's request by making her action sufficient justification. As such, this clause eliminates his duty to treat both life and remainder interests equally and impartially.

Plaintiff's reliance upon Ohio law requiring a trustee to treat both life income beneficiaries and charitable remaindermen equally and impartially is therefore misplaced. This duty exists only where the trust instrument does not establish a preference.[7] There is no duty, under the express terms of this trust, for the trustee to determine whether any requests are made in good faith and whether, in fact, the life beneficiary has needs beyond those met by her own assets and income. The plaintiff cites no authority and this Court, in its own independent research, has been unable to find support for plaintiff's contrary position.

To the contrary, In re Toulmin's Estate, 462 F.2d 978 (6th Cir. 1972) and Sherman v. Sherman, 5 Ohio St.2d 27, 213 N.E.2d 360, 34 O.O.2d 48 (1966), direct primary emphasis be placed on the testator's intent, and Harry Booher clearly chose to assure adequate provision for his wife in the future.[8]

---

7. 2 Scott, Trusts § 164 (3rd ed. 1967) ; 54 Ohio Jur.2d, Trusts, §§ 176, 185 (1962).

8. Plaintiff has relied heavily on *Toulmin* in its brief ; yet that case is not controlling precedent for two reasons :  (1) *Toulmin's* re-

liance on *Sherman* indicates that the testator's intent is preeminent and Ohio rules of trust administration cannot abrogate clear directions by the settlor, and (2) *Toulmin's* apcation of Ohio trust law is valid only where

Whatever may be said with respect to computing the present value of the bequest of the testator who dilutes his charity only to the extent of first affording specific private legatees the usufruct of his property for a fixed period, a different problem is presented by the testator who, preferring to _insure_ the comfort and happiness of his private legatees, hedges his philanthropy, and permits invasion of the corpus for their benefit.

Merchants National Bank v. Commissioner, _supra_, 320 U.S. at 260, 64 S.Ct. at 111.

So long as Mrs. Booher can invade the principal of the trust by her unchallengeable statement, the value of a trust remainder cannot be determined from any known data.

Neither taxpayer, nor revenue officer—even if equipped with all the aid which the actuarial art can supply—could do more than guess at the value of this contingency. It is clear that Congress did not intend that a deduction should be made for a contingent gift of that character.

Humes v. United States, _supra_, 276 U.S. at 494, 48 S.Ct. 347, at 348, 72 L.Ed. 667 cited in Merchants National Bank v. Commissioner, _supra_, 320 U.S. at 261–262, 64 S.Ct. 108, 88 L.Ed. 35; Henslee v. Union Planters Bank and Trust Co., _supra_, 335 U.S. at 599 n. 4, 69 S.Ct. 290, 93 L.Ed. 259.

## III. CONCLUSIONS OF LAW

A. This Court has jurisdiction of the matter in accordance with 28 U.S.C. § 1346(a)(1) (1970).

B. A charitable remainder interest is deductible from Federal Estate Tax under 26 U.S.C. § 2055(a)(2) where the power to invade trust corpus is measurable and ascertainable and such invasion is sufficiently remote to insure that the charitable remaindermen will take an actuarially calculable amount.

C. The trust in question here grants sufficient opportunity to the life income beneficiary for invasion of trust corpus without imposing a measurable or ascertainable standard; the amount that the charitable remaindermen will take is therefore not actuarially calculable.

D. The action of the Internal Revenue Service in disallowing the claimed deduction and assessing a deficiency was correct as a matter of law and is hereby Sustained. Plaintiff's complaint is hereby Dismissed.

E. Counsel are directed to submit to the Court within ten (10) days of the date hereof a Judgment Order in accordance with the findings and conclusions herein.

It is so ordered.

the trustee has unlimited discretionary powers and the trust instrument would not be contravened. Both of these preconditions are absent here.