[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Trustee of the Trust Estate for Howard Hurless [Trustee], appeals from the judgment of the Court of Common Pleas of Van Wert County, Probate Division, which ordered him to invade the principal of the trust for the nursing home expenses of a beneficiary, Howard Hurless [Howard].
Howard is an incompetent ninety-two year old man who has been under guardianship since 1968. He is a beneficiary of a will and testamentary trust created by his mother, Hannah Hurless [Hannah]. Howard is currently residing in Lincolnway Home [Lincolnway], a county nursing home located in Van Wert, Ohio. Lincolnway is a non-Medicaid facility which charges approximately $2,000.00 each month for its services. Howard's monthly income is $250.00, consisting of social security payments and the net income from his mother's trust regularly paid to Howard's guardian [Guardian] by Trustee.
In October 1996, Howard's outstanding debt at Lincolnway was nearly $50,000.00. To recover this debt, Lincolnway, through the Van Wert County Prosecutor, sued Guardian. By December 31, 1997, this debt rose to over $75,000.00, and the balance continues to accrue. Based on Howard's current income levels, Guardian did not have sufficient funds to pay the debt incurred at Lincolnway. Guardian's attempt to obtain Medicaid funding also failed. The reasons stated for Howard's denial of Medicaid benefits were that he possessed resources beyond eligibility limits, he failed to meet spenddown requirements, and he did not "cooperate in establishing eligibility[.]" Thus, in an attempt to secure funds to pay Howard's debt, Guardian filed a complaint in declaratory judgment against Trustee and became Plaintiff-appellee in this matter. The action was to compel payment of the Lincolnway debt with trust assets. In response, Trustee refused to invade the trust's principal for payment of these costs, maintaining that he possessed neither the obligation nor authority to do so. The trust assets are bank deposits totalling approximately $163,000.
Ultimately, the court consolidated Lincolnway and Guardian's actions. In avoidance of a jury trial, the parties reached a number of stipulations. On February 25, 1998, the trial court rendered its opinion, finding Trustee obligated and required by the terms of the trust to provide for Howard's care and support. This included nursing home care. Accordingly, Trustee was ordered to pay the costs of Howard's care at Lincolnway until either his death or the exhaustion of the trust's principal.
From this judgment, Trustee appeals to this Court and raises the following assignments of error:
 I. The trial court erred in interpreting the will and testamentary trust of Hannah Hurless so as to find that the trustee was authorized and directed to invade the principal of the trust to provide the day to day care and maintenance of her son, Howard Hurless.
 II. The finding of the trial court that an emergency exist [sic] necessitating the complete or partial invasion of principal by the trustee to pay for Howard's nursing home care is against the manifest weight of the evidence and contrary to the facts as expressly stipulated to by the parties.
 III. The court erred in finding that the trustee had abused his discretion and acted in bad faith in not invading and consuming the principal of the trust to pay the day to day expenses for the care, support and maintenance of Howard Hurless.
The first assignment of error claims that the trial court misinterpreted Hannah's will and testamentary trust. Because the construction of a will is a matter of law, we review the trial court's actions on a de novo basis. Church v. Morgan (1996),115 Ohio App.3d 477, 481. A fundamental tenant for judicial interpretation of a will or trust is to ascertain the intentions of the testator, grantor or settlor. Domo v. McCarthy (1993),66 Ohio St.3d 312, 314. This is accomplished by reviewing the entire instrument and when the language is clear and unambiguous, intent is normally ascertained from the express, general testamentary declarations, as indicated by the specific language utilized.Id.; 31 Ohio Jurisprudence 3d (1997) 443-448, Decedent's Estates, Sections 483, 485. Application of case law to aid in further interpretation of an instrument is usually precluded, because, as stated in Cassidy v. Hynton (1886), 44 Ohio St. 530, 533:
 Instruments of this character are so unlike in their terms, and the circumstances surrounding testators so unlike in their facts, that the decision of one case is not apt to aid in the determination of subsequent cases.
In this matter, the terms of Items 3, 4 and 5 of Hannah's will are at issue. These provisions read as follows:
 Item 3. In the event my son, Howard Hurless, survives me, then I give and devise to Carl Odaffer[1] of Mercer County, Ohio, and now employed by the Ridenour Produce Company of Van Wert, Ohio, the following described property situated in the Township of Harrison, County of Van Wert, and State of Ohio, to-wit:
* * * containing Forty (40) acres, more or less.
 Said devise is upon the following terms and conditions:
 1. The devisee shall use the income therefrom for a period of five years after my death for the maintenance and support of my son, Howard Hurless. Thereafter, he shall hold the same in trust during the life of my son, Howard Hurless, but shall receive the income therefrom as compensation for the care and maintenance of the affairs of my son, Howard Hurless.
 2. The said devisee shall supervise the management of the remainder of my real estate, and after the payment of the taxes, insurance and other expenses, shall use the remainder thereof for the maintenance and support of my son, Howard Hurless.
 3. The said devisee shall make the necessary arrangements to provide a comfortable home in which to live for my son, Howard Hurless (Institutions shall not be considered as such home except as a last resort only.)
* * *
 Item 4. I give and devise in trust, all the rest, residue and remainder of my real property, wheresoever situated, that I may own or have the right to dispose of at the time of my decease, to the aforesaid Carl Odaffer for the exclusive use and benefit of my son, Howard Hurless. Said Trustee shall have the exclusive right to manage said real estate, but it is my desire that he confer with my son Howard Hurless, insofar as he may be able to do so. In an emergency, and in the judgment of said Trustee, if he deems it necessary to encumber a part of my real estate for the support, care and maintenance of my son, Howard Hurless, then I authorize said Trustee to do so and to execute, acknowledge and deliver all necessary instrument of conveyance in order to encumber such property, and without applying to any court for authority to do so.
 Item 5. At the death of my son, Howard Hurless, or at my death should I survive him, I give, devise and bequeath all the residue and remainder of my estate, both real and personal property, which I may own or have a right to dispose of at the time of my decease, to the heirs of my body of my son, Howard Hurless, equally, share and share alike.
 In the event my son should not be survived by any heirs of his body, then I give, devise and bequeath all the residue and remainder of my estate to the Trustees of the Otterbein Home, located near Dayton, Ohio, operated by the Evangelical United Brethren Church, to be used for the construction of a building for the use of the inmate of said institution in memory of Hannah Hurless and Howard Hurless.
The trial court interpreted this instrument as permitting Trustee to withdraw income and principal for Howard's care, support and maintenance. However, after reading this instrument as a whole and interpreting its terms together, it is evident that Hannah's intentions were to provide only an income interest for Howard during his lifetime. Upon his death, a remainder beneficiary's right to the assets would vest. Specifically, Item 3 stated that the income from certain real estate was, for a five year period, to be used "for the maintenance and support of my son, Howard Hurless." Hannah also stated that Howard was to be provided with a comfortable home, with institutional care considered only as a last resort. Although instructions regarding disbursement of income or principal for Howard in the post five year period was not elaborated, nor detailed within the trust creation terms of Item 4, Item 5 clearly identified a trust termination event. This event was Hannah or Howard's death, whichever was later, and upon this death, the heirs of Howard's body were identified as the beneficiaries for the remainder of the assets disposed of in the previous two Items. The Trustees of the Otterbein Home were the named alternate takers.[2]
The trial court's interpretation of Hannah's will defeats her intention that all these persons or entity benefit from her gift. For instance, if Trustee complies with the trial court order, Howard's lifetime interest of support, care and maintenance, and the remainder beneficiary's gift, is placed in jeopardy. The assets of the trust are likely to be exhausted before the death of Howard, leaving the estate with no viable remainder interest. In addition to this result being contrary to Hannah's intentions, the trial court's order forces the termination of Hannah's trust prior to her intended termination event. Thus, the general rules of interpretation of will or trust terms, which recommend deference to the testator's stated intentions, are not being applied. SeeDomo, 66 Ohio St.3d at 314. Moreover, "[a] court has no power to terminate a trust contrary to the provisions of the instrument governing it unless all the persons concerned consent to such termination." 91 Ohio Jurisprudence 3d (1989) 616-162, 186, Trusts Sections 132, 159. No such consent is present in this case. Accordingly, it is our conclusion that the trial court's ultimate determinations of Trustee's authority were in error and the first assignment of error is sustained.
Trustee's second assignment of error challenges the trial court's finding that the circumstances in this matter constituted an emergency, thus implicating the exception in Item 4 to the income only provisions of Howard's interest. This Court is mindful that in reviewing trial court determinations such as this, the presence of competent, credible evidence prevents a reversal on the basis of the trial court's findings as being against the manifest weight of the evidence. Cent. Motors Corp. v. PepperPike (1995), 73 Ohio St.3d 581, 584. As stated in Myers v. Garson
(1993), 66 Ohio St.3d 610, 615-616, reaffirming the reasoning ofSeasons Coal Co. Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80:
 [A]n appellate court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court.
In its judgment entry, the trial court determined the conditions presented in this matter constituted an emergency within the contemplation of Hannah's instrument. The court reasoned that if Lincolnway was not paid, Howard risked eviction and his choices for alternative living arrangements were few. The estate no longer owned a home in which Howard could live since that asset was liquidated. Moreover, Howard apparently required the attention given to him in the institutional setting. Placement in a different assisted living facility was unlikely because Howard was deemed ineligible for Medicaid funds. To receive this governmental assistance, the trust funds must be expended first and Trustee resisted such an action. Although Lincolnway did provide the option of a reduced payment schedule if Guardian could acquire additional income sources, such action was improbable given the unavailability of Medicaid benefits and Trustee's refusal to disburse trust funds.
Upon review of the record, this portion of the trial court's order also appears to be in error. First, the finding that an emergency exists is contrary to the facts presented. As stipulated by the parties, Howard's care and quality of life is to remain substantially the same regardless of the outcome in this case. Moreover, in this case, the lack of Medicaid funding does not appear to constitute an emergency because Guardian failed to ensure Howard's eligibility. Guardian did not question the results of the notice which denied Howard's request for Medicaid benefits. This notice stated:
 IF YOU DO NOT AGREE WITH THIS ACTION, YOU HAVE A RIGHT TO A STATE HEARING. A state hearing lets you or your representative * * * give your reasons against the action.
* * *
 If you want a hearing we must receive your hearing request within 90 days of the mailing date of this notice.
 If you want a state hearing, check the appropriate boxes below, sign and date this form and send ALL PAGES to the Ohio Department of Human Services * * *
None of the "appropriate boxes" on the form were checked, and no evidence was submitted that Guardian sought any such hearing. Thus, Guardian apparently failed to pursue an available opportunity to establish Howard for Medicaid benefits and "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State exrel. Fowler v. Smith (1994), 68 Ohio St.3d 357, 359.
Second, even if these circumstances did constitute an emergency, the express terms of the authorizing instrument permit Trustee to only encumber a portion of real estate. The trial court's order for Trustee to invade principal is in contravention to this directive and against the testator's intentions. SeeDomo, 66 Ohio St.3d at 314; 31 Ohio Jurisprudence 3d (1997), 443-448, Decedent's Estates, Section 483, 485. Further, to override this intention because the trust assets have changed form is contrary to the rule which requires a court to construe the terms of the will as written by the testator and to not make interpretations which have the effect of rewriting the will.Cleveland Trust Co. v. Frost (1957), 166 Ohio St. 329; Church,115 Ohio App.3d at 483; 31 Ohio Jurisprudence 3d (1997) 421, Decedent's Estates, Section 458. Merely because the assets have been liquidated does not alter the character of the trust nor the intentions behind its creation. Thus, these circumstances do not present competent and credible evidence supporting the trial court's determinations and the trial court's order is in error. Accordingly, the second assignment of error is sustained.
Trustee's third assignment of error asserts that the trial court erred in finding that the refusal to invade the principal constituted an action in bad faith. The question of whether a fiduciary acts in bad faith, and whether any subsequent removal is warranted, is one for the trial court. In re Estate of Jarvis
(1980), 67 Ohio App.2d 94, 96-97. If such a determination is appealed, the appellate court is limited to reviewing whether the trial court abused its discretion, as evidenced by unreasonable, arbitrary or unconscionable actions. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506. Moreover, so long as competent and credible evidence supports the trial court's decision, the trial court's findings will not be reversed. Myers, 66 Ohio St.3d at 615-616.
The trial court found that Trustee acted in bad faith when he failed to release trust funds in light of the impending emergency regarding Howard's living arrangements and alternate funding sources. See, e.g., Sherman v. Sherman (1966), 5 Ohio St.2d 27, paragraph two of the syllabus; Culver v. Culver (1960), 112 Ohio App. 100,104; National City Bank v. Peery (Nov. 8, 1995), Montgomery Co. App. No. 15117, unreported. However, we cannot agree with this conclusion. As stated above, the initial decision that an emergency existed in these circumstances is questionable in view of the parties' stipulation for Howard's continued care and Guardian's failure to pursue Medicaid eligibility.
Moreover, if an emergency was present, Trustee acted in compliance with the terms of the enabling instrument. Because the most Trustee was permitted to do was encumber a portion of the real estate held in trust, Trustee properly declined to invade the principal. Further, Trustee acted consistently with his equitable obligations of preserving the trust assets, protecting the interest of the beneficiaries and administering the trust. 91 Ohio Jurisprudence 3d (1989) 431-432, Trusts, Section 397. Accordingly, because competent and credible evidence does not support the trial court's decision, it was in error and the third assignment of error is sustained.
In sum, each of Trustee's assignments of error is sustained. The judgment of the Court of Common Pleas of Van Wert County, Probate Division, is reversed and this matter is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
 BRYANT J., concurs.
HADLEY, J., dissenting.
[1] Defendant-appellant is the successor trustee to Carl Odaffer.
[2] In this case, Howard has no heirs of his body. Thus, upon his death, the Trustees of the Otterbein Home are the remainder beneficiaries.