OPINION
On January 27, 1997, Norris Burleson entered into an intervivos trust agreement with Park National Bank (hereinafter "trustee"). Said trust listed the following instructions:
 B. The residuary trust shall be subject to the following provisions:
 (c) Upon the death of my wife, H. Catharine Burleson, said trust shall continue and the principal and undistributed income remaining in said trust shall be paid to my son, Robert Norris Burleson, and to my daughter, Bonnie Elaine Brady, at the rate of One Thousand and No/100 ($1,000.00) Dollars each, per month, until said trust is exhausted. If either of my children shall become deceased before said trust is exhausted leaving children, or their lineal decedents, surviving, the share of said deceased child shall be paid to the children, or lineal descendants, of said deceased child equally. If said deceased child shall have no surviving children, or their lineal descendants, then the share of said deceased child shall be paid to the survivor of my children. If both of my children should become deceased without leaving children or their lineal descendants surviving prior to the time said trust should become exhausted, then said trust shall terminate and the remaining principal and income shall be paid to Duke University, Durham, North Carolina. If both of my children should become deceased prior to the time said trust should become exhausted and either or both of them should leave children, or their lineal descendants surviving, then said trust shall terminate when the last of my two children shall become deceased, and the principal and interest remaining in said trust shall be distributed equally to trustor's grandchildren or their lineal descendants per stirpes.
 (d) The trustee shall have the power to increase the monthly payments to trustor's children in its sole, absolute and uncontrolled discretion.
On September 28, 1996, Mr. Burleson died survived only by his adult children. Trust assets now total more than $1,700,000.
On May 21, 1997, trustee filed a declaratory judgment action for an interpretation of the cited language. Specifically, trustee sought direction regarding its ability to make discretionary distributions.
Following a bench trial, the trial court held trustee has full discretionary power regarding distributions of income and principal to the children provided said discretion is not unreasonable, unconscionable or arbitrary. See, Judgment Entry filed June 26, 1998.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE TRUSTEE OWES NO FIDUCIARY DUTY TO SOME BENEFICIARIES AND HAS DISCRETION TO DISPUTE AND DISSIPATE THE TRUST FUNDS.
II
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN INTERPRETING THE TRUST INSTRUMENT TO MANIFEST AN INTENT OF THE TRUSTOR TO PREFER HIS CHILDREN OVER HIS UNBORN LINEAL DESCENDANTS OR DUKE UNIVERSITY.
 I, II
The thrust of this appeal is whether the trial court erred in finding the trust language permits trustee to make lump sum payments of income and principal to the children. Appellant argues the trial court's decision was in error. We disagree.
As cited supra, the residuary trust provides for monthly payments to the children subject to trustee's discretion to increase the payments. By judgment entry filed June 26, 1998, the trial court found the trust language to be clear and unambiguous. The trial court found no limitations on the amount of the distributions to the children nor any requirement that the distributions be equal.
We concur with the trial court's analysis. In reading the trust agreement in whole, we find specific provisions indicating that Mr. Burleson considered increases in the monthly amounts and disproportionate distributions. For example, a provision in Section Sixteen of the trust agreement states "[s]uch payment or expenditure is to be made in accordance with the beneficiary's station in life * * *." Throughout the entire agreement the term which empowers trustee to act is "in its absolute discretion."
Appellant argues it is trustee's duty to protect the interest of the remainderman (Duke University). Appellant argues the remainderman is the ultimate beneficiary and trustee must preserve the trust for the ultimate beneficiary. Appellant cites the following language from Estate of Toulmin v. United States (C.A.6, 1972), 462 F.2d 978, 981, as being determinative sub judice:
 It is clear that in Ohio, the expressed desires of the testator are controlling, Sherman v. Sherman, 5 Ohio St.2d 27, 213 N.E.2d 360 (1966), and that a trustee must treat all beneficiaries impartially unless a preference is expressed, In re Estate of Sells, 15 Ohio App.2d 23, 29-31, 238 N.E.2d 803 (1968) . . . Although in some states it may be possible for a trustee with these powers to favor one beneficiary over another, we agree with the District Court that under Ohio law this would not be permitted.
We concur this case is persuasive, but find the language "unless a preference is expressed" to be in support of the trial court's decision. Appellant is clearly the remainderman and as such, its share of the trust is subject to total or partial defeasement. Mr. Burleson understood this possibility as reflected in the language of the trust provision cited supra wherein he stated "until said trust is exhausted."
The trial court did not grant trustee unfettered discretion, but found distributions are subject to reasonable, conscionable and nonarbitrary discretion giving consideration to Mr. Burleson's clear and express intent.
Appellant also argues trustee has a fiduciary duty to the children's unborn children and itself, Duke University. These subsequent beneficiaries and remainderman are not the principal beneficiaries and are included only if the trust is not depleted upon the deaths of the specifically named beneficiaries (the adult children). Trustee's duty is to Mr. Burleson as reflected by the clear language of the trust, not the remainderman.
Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Licking County, Ohio, Probate Division is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Probate Division is affirmed.